Sylvia OSHIVER on Behalf of Albert H. Oshiver and Sherry J. Oshiver, Trustee for Estate of Albert H. Oshiver, Petitioners,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 89–3019.

United States Court of Appeals, Federal Circuit.

Feb. 14, 1990.

Sherry J. Oshiver, Philadelphia, Pa., argued for petitioners.

Allen Bruns, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for respondent. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Mary Mitchelson, Asst. Director. Also on the brief was Murray M. Meeker, Office of General Counsel, Office of Personnel Management.

Before BISSELL,* ARCHER and MAYER, Circuit Judges.

PER CURIAM.

Sylvia Oshiver, on behalf of Albert H. Oshiver, and Sherry J. Oshiver, as trustee for Albert H. Oshiver's estate, appeal the final order of the Merit Systems Protection Board, 38 M.S.P.R. 191 (1988), sustaining the denial by the Office of Personnel Management (OPM) of Sylvia Oshiver's civil service retirement benefits application made on her husband's behalf. We affirm.

## BACKGROUND

Albert and Sylvia Oshiver were married in November 1945 and established their marital domicile in Philadelphia. Sherry Oshiver, the couple's only child, was born in February 1952. Mr. Oshiver abandoned his wife and child in 1955 and allegedly disappeared in 1968. On June 26, 1986, a Pennsylvania state court declared Mr. Oshiver a missing person and appointed Sherry Oshiver temporary trustee for his estate.

Mr. Oshiver was employed by the Department of Navy in various civilian and military positions from January 15, 1942, to October 21, 1967, when he was separated for failure to accompany a transfer of his function. On September 15, 1985, Mrs. Oshiver filed a retirement benefits application with OPM on behalf of Mr. Oshiver. OPM initially and on reconsideration denied the claim. OPM explained that, with one exception, "[t]he right to file [a retirement benefits application] is a personal right, which cannot be delegated or assumed by a trustee or guardian when the former employee is missing." OPM also concluded that Mr. Oshiver's absence from his residence did not constitute a legal disability under 5 U.S.C. § 8345(e) (1988) that would permit payment of his benefits to a court-appointed guardian.

Mrs. Oshiver and Sherry Oshiver, as temporary trustee, appealed OPM's decision to the Board. The Administrative Judge (AJ) sustained OPM's denial and held, *inter alia*, that neither Mrs. Oshiver nor Sherry

---

* Judge Bissell participated in the decision in this case prior to her death on February 4, 1990.

Oshiver had standing to file a retirement annuity application on Mr. Oshiver's behalf. On appeal, the Board affirmed the AJ's initial decision on the standing issue with respect to both appellants and decided a collateral estoppel issue that the appellants have not contested on appeal.

## ISSUE

Whether an application for civil service retirement benefits may be filed on behalf of a court-declared "missing" annuitant by someone not duly-appointed as the "missing" annuitant's personal representative.

## OPINION

Our review of the Board's decision is severely limited by 5 U.S.C. § 7703(c) (1988). To reverse the Board in this case, petitioners must establish that the Board acted arbitrarily, capriciously, or outside the law, or abused its discretion in holding that "neither Sylvia Oshiver, as Albert H. Oshiver's wife, nor Sherry Oshiver, as the temporary trustee for the estate of Albert H. Oshiver, has the authority to apply for civil service retirement benefits on his behalf." *See Cheeseman v. Office of Personnel Management,* 791 F.2d 138, 140 (Fed. Cir.1986), *cert. denied,* 479 U.S. 1037, 107 S.Ct. 891, 93 L.Ed.2d 844 (1987). Moreover, the Supreme Court has explained that "if the statute [being construed] is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984) (footnote omitted); *see also Money v. Office of Personnel Management,* 811 F.2d 1474, 1477 (Fed.Cir.1987) (stating that "[t]he long-standing interpretation placed on a statute by the agency charged with its administration should be followed unless there are compelling indications that it is wrong").

The Civil Service Retirement Act (CSRA) defines "annuitant" as "a former employee ... who, on the basis of his service, meets all requirements of this subchapter for title to annuity and files claim therefor," 5 U.S.C. § 8331(9) (1988), and provides that "[n]o payment shall be made from the [Civil Service Retirement and Disability] Fund unless an application for benefits based on the service of an employee ... is received" by OPM within 150 years of the employee's birth, 5 U.S.C. § 8345(i)(1) (1988). OPM and the Board properly recognized that, with the exception of 5 C.F.R. § 831.1203 (1989) (requiring that the agency file a disability *retirement* application on behalf of the employee when he is medically incapable of filing and lacks a personal representative or family member willing to file), the CSRA and its implementing regulations are silent as to whether anyone other than the employee may file for *retirement* benefits on the employee's behalf. OPM and the Board, however, read the two above-quoted sections together to conclude that a retirement annuity only becomes payable when the employee files an application.

With respect to Mrs. Oshiver's authority to file on Mr. Oshiver's behalf, the appellants have not convinced us that OPM's interpretation was impermissible or that the Board's decision is reversible under 5 U.S.C. § 7703(c). On the contrary, OPM's interpretation is entirely consistent with the provisions of the CSRA relating to retirement benefits under 5 U.S.C. §§ 8336–38 and survivor or lump-sum death benefits under 5 U.S.C. §§ 8341–42, all of which are covered by the payment provisions of 5 U.S.C. § 8345(i). Where it would be appropriate or necessary for a non-fiduciary to apply for retirement benefits for an employee or for a person other than the employee to apply for other benefits attributable to the employee's service, the statute and regulations so provide. *See* 5 U.S.C. § 8331(11); 5 C.F.R. §§ 831.619, 831.1203, and 831.2006 (1989). In addition, we have previously held that the right to determine whether to take a full annuity and thereby deny a survivor's annuity to a spouse is "'personal' to the employee 'alone'." *Roebling v. Office of Personnel Management,* 788 F.2d 1544, 1547 (Fed.Cir.1986). If that right is personal, we see no reason why the right to file for an annuity is not personal as well.

As to the appellant's argument that 5 U.S.C. § 8345(e) allows payment of Mr. Oshiver's benefits to Sherry Oshiver based on Mrs. Oshiver's application, we again cannot discern any reversible error in the Board's decision. Although that section allows *payment* of benefits to a fiduciary if the beneficiary is "a minor, or an individual mentally incompetent or under other legal disability," it does not specify who may *file* on the employee's behalf. 5 U.S.C. § 8345(e). OPM concluded, and the Board agreed, that section 8345(e) does not confer on Mrs. Oshiver the right to file on her husband's behalf. Because the appellants have failed to cite any statutory or regulatory authority (with the exception of 5 C.F.R. § 831.1203 discussed above) allowing a person who has not been appointed the covered employee's guardian or personal representative to file for payment of retirement benefits on the employee's behalf, we affirm the Board's denial of Mrs. Oshiver's application.

Adopting OPM's interpretation of section 8345(e), the Board also ruled that Sherry Oshiver had no authority to apply for retirement benefits on Mr. Oshiver's behalf. OPM had concluded that the "[a]bsence from one's residence, with one's whereabouts unknown, is not a legal disability" contemplated by section 8345(e). We, however, need not and do not decide whether OPM's interpretation is correct when a court has appointed a temporary trustee for the employee's property. Although Sherry Oshiver did file a benefits application, post-hearing briefs indicate that the application was not filed until after oral argument. Her application was not considered by OPM, the AJ, or the Board. "Our precedent clearly establishes the impropriety of seeking a reversal of the board's decision on the basis of assertions never presented to the presiding official or to the board." *Rockwell v. Department of Transp.*, 789 F.2d 908, 913 (Fed.Cir.1986). We will not consider the new evidence contained in the supplemental papers because that evidence was not presented to the Board. *See Yuni v. Merit Sys. Protection Bd.*, 784 F.2d 381, 387 n. 5 (Fed.Cir.1986); *see Rockwell*, 789 F.2d at 913 (explaining that Congress limited this court's appellate review "to final orders and decisions of the Board on the *record*").

### CONCLUSION

In light of our standard of review, we cannot say that the Board's refusal to allow Mrs. Oshiver, a non-fiduciary, to file an annuity application on Mr. Oshiver's behalf is reversible. However, because no application filed by Sherry Oshiver as temporary trustee was part of the record, we do not decide whether she could have properly filed the application and obtained payment of benefits on Mr. Oshiver's behalf.

AFFIRMED.