11 F.3d 1072
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Paul D. HICKS, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 93-3329.
 United States Court of Appeals, Federal Circuit.
 Nov. 1, 1993.
 
 Before ARCHER, LOURIE, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Paul D. Hicks (Hicks) petitions for review of the Merit Systems Protection Board (board) decision, Docket No. DA-0351-9300-27-I-1, dismissing his appeal as untimely filed.[1] We affirm.
 
 DISCUSSION
 
 2
 On August 6, 1990, Hicks was notified that the Department of the Army, his employer, was going to effect a RIF action on October 13, 1990 and abolish Hicks' position as a GS-7 Mechanical Engineering Technician. On August 9, 1990, Hicks signed an acknowledgement that he received the notice of the proposed RIF action and on August 16, 1990 he signed a written acceptance of his newly reassigned job. On October 7, 1992, Hicks appealed the October 13, 1990 RIF action to the board.
 
 
 3
 The administrative judge (AJ) determined that Hicks did not establish good cause for the nearly two year delay in filing his appeal. Accordingly, the AJ dismissed the appeal as untimely. The full board denied Hicks' petition for review because it did not meet the criteria for review. See 5 C.F.R. Sec. 1201.115.
 
 
 4
 An appeal to the board must be within 20 days after the effective date of the agency action being appealed. 5 U.S.C. Sec. 7701(a); 5 C.F.R. Sec. 1201.22(b). Although the board may waive this time limit upon a showing of good cause for the untimely filing, 5 C.F.R. Sec. 1201.22(b), the board has broad discretion to decide whether to grant such a waiver. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650 (Fed.Cir.1992) (in banc ). In the absence of an abuse of discretion this court will not substitute its own judgment for that of the board. Phillips v. United States Postal Serv., 695 F.2d 1389, 1390-91 Fed.Cir.1982).
 
 
 5
 Hicks argues that there was good cause for his appeal being untimely filed because his mother died approximately one month before the RIF action and he was under stress. While we are sympathetic that his mother's death may have caused him great stress, we cannot say that the AJ abused his discretion. The AJ found that the appeal was filed almost two years late, that Hicks had full notice of the effective date of the RIF action, and that Hicks presented no corroborating evidence of incapacity.
 
 
 6
 Hicks also asserts that he has new evidence of his incapacity, which would constitute good cause for his untimely appeal. This court, however, may not consider new evidence, if that evidence was not on record before the board. Oshiver v. Office of Personnel Management, 896 F.2d 540, 542 (Fed.Cir.1990).
 
 
 
 [1]
 Hicks appears also to seek review of the administrative judge's (AJ) dismissal of his appeal in Docket No. DA-3343-92-722-I-1. Because that case was not timely appealed to the board or to this court, it is dismissed. We note, however, that the AJ correctly determined that the board did not have jurisdiction to consider Hicks' complaint that the Army failed to promote him