99 F.3d 1159
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eugene R. ZURN, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent,
and
United States Postal Service, Intervenor.
 No. 95-3386.
 United States Court of Appeals, Federal Circuit.
 Oct. 10, 1996.
 
 Before PLAGER, Circuit Judge, SMITH, Senior Circuit Judge and BRYSON, Circuit Judge.
 Decision
 SMITH, Senior Circuit Judge.
 
 
 1
 Eugene R. Zurn petitions for a review of a decision by the Merit Systems Protection Board dismissing his appeal for involuntary retirement as untimely filed. Because the Board did not abuse its discretion in finding that the petitioner failed to establish good cause to excuse his untimely filings, we AFFIRM.
 
 Facts
 
 2
 Mr. Zurn appeals the decision of the Merit Systems Protection Board ("MSPB" or "Board") dismissing his appeal for involuntary retirement as untimely. This case arises out of the Postal Service's ("USPS") agency-wide restructuring in 1992-93. Mr. Zurn was offered, and accepted, a special early retirement incentive whereby he received a lump-sum bonus of six months' salary. Mr. Zurn retired on October 30, 1992.
 
 
 3
 Although the deadline for filing an appeal was 20 days after his retirement pursuant to MSPB regulations,[1] petitioner waited nearly two years, filing his MSPB appeal on September 6, 1994. Petitioner asserted that his retirement was involuntary because USPS supplied misleading information about an impending RIF.
 
 
 4
 The administrative judge issued an order requiring Mr. Zurn to submit evidence within 25 days that his appeal was timely filed or that good cause existed for the delay in filing. After submissions of evidence and expiration of the 25 day period, the administrative judge ruled that: (1) USPS had not been required to give Mr. Zurn notice of his appeal rights because Mr. Zurn did not put the agency on notice that he considered his retirement to be involuntary; and (2) petitioner had not used due diligence in discovering and pursuing his appeal rights. Therefore, the administrative judge found no good cause to waive the time limit and dismissed petitioner's appeal. Alternatively, the administrative judge concluded, even if petitioner's untimeliness could be excused, the Board lacked jurisdiction over the claim because petitioner failed to raise allegations which would establish that his retirement was involuntary.
 
 
 5
 Mr. Zurn petitioned the full Board for review, producing evidence that he had notified the agency that he viewed his retirement as involuntary and that he had requested his appeal rights. This evidence had not been submitted to the administrative judge. The Board denied review without an opinion, and the initial decision became the final decision of the Board. Petitioner then filed an appeal with this court.
 
 Standard of Review
 
 6
 This court may reverse the Board's decision only if it was arbitrary, capricious, an abuse of discretion, or otherwise unlawful; procedurally deficient; or unsupported by substantial evidence. 5 U.S.C. § 7703(c)(1994); Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140 (Fed.Cir.1986).
 
 Opinion
 
 7
 Petitioner contends that his delay in filing an appeal should be excused because USPS did not inform him of his appeal rights when he retired. This court has found that an agency's failure to provide notice of an individual's right to appeal may constitute good cause for the individual's failure to file a timely appeal. Mueller v. United States Postal Serv., 76 F.3d 1198, 1201 (Fed.Cir.1996); Shiflett v. United States Postal Serv., 839 F.2d 669, 673-74 (Fed.Cir.1988). Generally an agency has no duty to notify a retiring employee of his or her right to appeal to the Board unless the employee "puts the government on notice that he views his resignation as involuntary." Clark v. United States Postal Serv., 989 F.2d 1164, 1169 (Fed.Cir.1993).
 
 
 8
 Petitioner cites to documents that he contends establish that he notified USPS that he considered his retirement to be involuntary. First, petitioner cites his retirement application, which states: "I'm retiring under duress and I feel I was forced to leave the Postal Service." Petitioner also cites a second letter sent to sent to the Agency's Manager of Personnel, with a copy to his supervisor, asking "What are my appeal rights? What are the time limits for appeal?" Petitioner did not present this evidence to the administrative judge initially, nor did he present any argument that he considered his retirement to be involuntary. Petitioner admits that he was in possession of these documents at the time of the administrative judge's initial hearing, and that there were no unusual circumstances that would keep him from disclosing this information to the administrative judge.
 
 
 9
 This court is limited to reviewing decisions of the Board "based on the record before the deciding official." Mueller, 76 F.3d at 1202, Oshiver v. Office of Personnel Management, 896 F.2d 540, 542 (Fed.Cir.1990). Therefore, we decline to entertain this evidence that was not part of the record before the administrative judge. Because petitioner failed to raise the argument before the administrative judge that he notified USPS that he considered his retirement to be involuntary, it should not be raised for the first time in this court. See Meglio v. Merit Sys. Protection Bd., 758 F.2d 1576, 1577-78 (Fed.Cir.1984).
 
 
 10
 The administrative judge instructed petitioner that he would have 25 days to submit an argument as to why his appeal was untimely. Further, the administrative judge informed petitioner that any new evidence offered after the 25 days would not be accepted unless he could show that such evidence was new and material and which was previously not available to him. Petitioner submitted no evidence to the administrative judge demonstrating that he considered his retirement to be involuntary, instead producing records for the first time in his appeal to the entire Board. The Board will grant a petition for review only when "[n]ew and material evidence is available that, despite due diligence, was not available when the record closed." 5 C.F.R. § 1201.115(d). We cannot say that the Board's decision to dismiss the petitioner's appeal was an abuse of discretion based on the evidence in the record before the administrative judge.
 
 
 11
 Because we affirm the Board's decision to dismiss petitioner's appeal as untimely filed, we do not reach the administrative judge's alternative holding that the Board lacked jurisdiction to hear the appeal.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 5 C.F.R. § 1201.22(b)(1992). The period was subsequently extended to 30 days