NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3349

CARMEN B. MARRON,

Petitioner,

v.

DEPARTMENT OF DEFENSE,

Respondent.

_____

DECIDED: December 13, 2004

_____

Before LOURIE, RADER, and SCHALL, Circuit Judges.

PER CURIAM.

## DECISION

Carmen B. Marron seeks review of the final decision of the Merit Systems Protection Board denying her petition to enforce a settlement agreement with the Department of Defense. Marron v. Dep't of Def., No. SE-0752-98-0263-C-1 (M.S.P.B. Apr. 27, 2004). We affirm.

## BACKGROUND

Marron was formerly employed as a teacher at the Department of Defense Dependents' Schools ("DoDDS"). Her separation from DoDDS was the subject of a prior appeal to the Board, which was dismissed under a settlement agreement whereby

the agency agreed to furnish only neutral information to potential employers. When Marron subsequently applied for re-employment at DoDDS, she learned that a negative recommendation from a former supervisor had been added to her application file. After the agency removed the negative recommendation at her request, Marron petitioned the Board to reinstate her prior appeal, alleging breach of the settlement agreement.

An administrative judge ("AJ") denied Marron's petition after determining that any breach by the agency was immaterial. The AJ found no evidence that the negative recommendation in Marron's application file had actually affected her re-employment prospects because her submission of an incomplete application had precluded her consideration by DoDDS selecting officials. The AJ's decision became final when the full Board denied Marron's petition for review. 5 C.F.R. § 1201.113(b) (2004). Marron appealed to this court, and we have jurisdiction under 28 U.S.C. § 1295(a)(9) (2000).

DISCUSSION

We will affirm the Board's decision unless it was: (1) arbitrary, capricious, or an abuse of discretion; (2) procedurally deficient; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

On appeal, Marron reiterates her arguments presented below that the breach was material. Because the AJ's determination of immateriality is supported by substantial evidence, we remain unconvinced that the Board erred. In an attempt to disprove the immateriality of the breach, Marron seeks to introduce on appeal new evidence of additional teaching positions for which she allegedly qualified. We cannot consider such evidence because it was not presented to the Board. Oshiver v. Office of

Pers. Mgmt., 896 F.2d 540, 542 (Fed. Cir. 1990).  Based on the record below, we discern no error in the Board's application of the law, and find that its decision is supported by substantial evidence.  Accordingly, we affirm.