NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3022

JOSEPH V. D'ANTONIO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: April 8, 2005

_____

Before MAYER, LOURIE, and RADER, Circuit Judges.

PER CURIAM.

Joseph D'Antonio seeks review of the final decision of the Merit Systems Protection Board sustaining the reduction of his annuity payments by the Office of Personnel Management ("OPM").  D'Antonio v. Office of Pers. Mgmt., No. SF-831M-04-0461-I-1 (M.S.P.B. Sept. 7, 2004).  We affirm.

## DISCUSSION

Certain civil service annuitants like D'Antonio who have served in the military may receive credit for their military service only if they have deposited into the Civil Service Retirement Fund a sum equal to seven percent of their total military pay.  See 5 U.S.C. §§ 8332(j), 8334(j) (2000).  When D'Antonio applied for retirement, he elected

not to make a deposit. As a result, when he became eligible for Social Security benefits, OPM recomputed his annuity to exclude credit for his military service. D'Antonio objected to the recomputation, which OPM upheld on reconsideration. Seeking to make a belated deposit, D'Antonio appealed to the Board, arguing that he was never informed of the need to make a deposit, and that he had signed his retirement application when he was taking pain medications that potentially impaired his mental state.

In sustaining OPM's recomputation, the Administrative Judge ("AJ") held that D'Antonio failed to show that his inability to make a timely deposit was due to an administrative error entitling him to make one belatedly. The AJ found that D'Antonio's signed retirement application contained a reference to the importance of the deposit while recording his express intention not to make one, and that the evidence failed to establish that he was mentally incompetent at the time of signing. The AJ's decision became final when D'Antonio failed to file a petition for review by the full Board. See 5 C.F.R. § 1201.113 (2004). This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

We will affirm the Board's decision unless it was: (1) arbitrary, capricious, or an abuse of discretion; (2) procedurally deficient; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000). We discern none of these grounds for reversal.

On appeal, D'Antonio does not argue that the Board applied the wrong law, or that it lacked substantial evidence, but rather he seeks to introduce additional evidence of his alleged lack of notice and mental state at the time of signing. We cannot consider such evidence, as it was not presented to the Board. Oshiver v. Office of Pers. Mgmt.,

896 F.2d 540, 542 (Fed. Cir. 1990).  Because substantial evidence that was presented

supports the Board's decision, we must affirm.