NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3168

RICHARD A. VAN DALINDA,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  October 6, 2005

_____

Before MICHEL,Chief Judge, NEWMAN, and BRYSON, Circuit Judges.

PER CURIAM.

## DECISION

Richard A. Van Delinda appeals from a decision of the Merit System Protection Board, Docket No. PH-844E-05-0057-I-1, upholding the decision of the Office of Personnel Management ("OPM") denying his application for disability retirement under the Federal Employees' Retirement System ("FERS").  We affirm.

BACKGROUND

Mr. Van Delinda was employed as a mail carrier with the United States Postal Service. In 2003, he submitted an application for disability retirement, in which he claimed that he was unable to perform his duties as a mail carrier because he suffered from post-traumatic stress disorder as a result of military service in Vietnam. Mr. Van Delinda contended that he became disabled in approximately June of 2002. As part of the evidence submitted to OPM in support of his application for disability retirement, Mr. Van Delinda included a copy of a decision by the Department of Veterans Affairs, which gave Mr. Van Delinda a disability rating of 70 percent as of January 22, 2001, due to post-traumatic stress disorder. However, OPM denied Mr. Van Delinda's application because it concluded that there was insufficient evidence that his condition rendered him unable to work as a mail carrier. Mr. Van Delinda asked OPM to reconsider his application, and when OPM reaffirmed its initial decision, he appealed to the Board.

Following a hearing, the administrative judge determined that the evidence presented by Mr. Van Delinda did not establish that "he was disabled for useful and efficient service as a letter carrier." Additionally, the administrative judge noted that there was no evidence that Mr. Van Delinda's symptoms could not be controlled by medication. In making those determinations, the administrative judge explicitly considered the Department of Veterans Affairs' decision and the evidence that the Department had relied on in making its decision. Mr. Van Delinda did not appeal the administrative judge's decision to the full Board, and the decision became final on April 1, 2005. Mr. Van Delinda appeals the Board's decision.

DISCUSSION

Mr. Van Delinda raises two arguments on appeal. The first is that is that the Board failed to consider the decision of the Social Security Administration ("SSA"), which was made shortly after the administrative judge issued her initial decision. The SSA ruled that Mr. Van Delinda met the disability insured status requirements of the Social Security Act due to his post-traumatic stress disorder and granted him disability insurance benefits. As this court held in Trevan v. Office of Personnel Management, 69 F.3d 520, 526 (Fed. Cir. 1985), however, a Social Security disability determination is not binding on OPM's decision whether a federal employee is entitled to disability benefits under FERS. Therefore, the SSA's decision does not automatically render Mr. Van Delinda eligible for disability retirement. Although we have held that "OPM and the Board must consider an award of Social Security disability benefits, and any underlying medical data provided to OPM by the Social Security Administration," id., in this case Mr. Van Delinda did not present the SSA's decision to the administrative judge or to the full Board, nor did he seek reopening of the Board's decision based on the SSA's decision. Because the Board was never given the opportunity to consider the SSA's decision, we are also unable to consider it. See Oshiver v. Office of Pers. Mgmt., 896 F.2d 540, 542 (Fed. Cir. 1990).

Mr. Van Delinda also argues that in its decision denying him disability retirement the Board failed to give sufficient weight to the Department of Veterans Affairs' disability assessment. OPM and the Board considered the Department of Veterans Affairs' decision but determined that, notwithstanding that decision, the evidence was insufficient to establish that Mr. Van Delinda was disabled under the statutory test

applied to federal civilian employees. That is a factual determination, and this court is generally precluded from reviewing the factual underpinnings of the Board's disability determinations. See Anthony v. Office of Pers. Mgmt., 58 F.3d 620, 624-26 (Fed. Cir. 1995). Therefore, under the circumstances of this case, we are barred from addressing the factual question whether Mr. Van Delinda's post-traumatic stress disorder rendered him incapable of serving as a mail carrier and therefore entitled him to disability retirement.