NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3317

RHADELLE L. LOVE,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  February 8, 2006

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Rhadelle L. Love ("Love") appeals a decision of the Merit Systems Protection Board ("Board") sustaining a charge of "failure to conduct her duties and responsibilities as a supervisor in a manner 'conducive of leadership necessary to enable success in [Love's] operations' and that the manner in which she conducted herself as a supervisor 'negatively impact(ed) the employer/employee relationship,'" and affirming her demotion from a supervisory position to the highest available non-supervisory position within the United States Postal Service ("Postal Service").  <u>Love v. United States Postal Serv.</u>, No.

CH-0752-04-0411-I-3 (M.S.P.B. Aug. 3, 2005) ("Final Order"). Because the Board's decision sustaining the charge and the demotion is supported by substantial evidence, is not an abuse of discretion, and does not otherwise contain reversible error, we affirm.

BACKGROUND

Love had been employed by the Postal Service for approximately thirty-eight years at the time of her demotion from the position of Supervisor of Maintenance Operations. The charge against Love was primarily based on complaints raised during the summer of 2003. In August of 2003, the Postal Service attempted to provide Love with a "notice of [job] expectations," which Love refused to accept. The Postal Service initiated an investigation and notified Love of the allegations against her, yet Love declined to comment on them. On March 8, 2004, relying on the investigative report, the Postal Service issued an advance notice proposing Love's demotion (the "Notice"). After receiving the Notice, Love's representative at the time, Mr. Bunch, wrote e-mails to the Postal Service, indicating that he wished to arrange a meeting to review the documentation supporting the demotion. However, he failed to schedule such a meeting. Love's demotion was effected twenty-six days after issuance of the Notice, on April 3, 2004.

Love appealed to the Board, which affirmed the agency's decision. See Love v. United States Postal Serv., No. CH-0752-04-0411-I-3 (M.S.P.B. Feb. 2, 2005) ("Initial Decision"). The administrative judge found that Love conceded or did not respond to certain of the allegations against her, and that Love's testimony disputing several of the allegations was less credible than contrary testimony from multiple other agency employees. Id. at 3-7. Weighing all the evidence, the administrative judge sustained

four of the seven specifications asserted by the Postal Service.  Id. at 8.  Moreover, the administrative judge held that the affirmative defenses Love raised did not warrant a reversal of the action taken by the Postal Service and found that the penalty of demotion was reasonable.  Id. at 9-14.  The administrative judge's decision became the final decision of the Board after the Board denied Love's petition for review.  See Final Order, slip op. at 2.  Love timely appealed.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

### A. Standard of Review

Pursuant to 5 U.S.C. § 7703(c), this court must affirm the Board's decision unless it is:  (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence.  Chase-Baker v. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999).  The petitioner bears the burden of establishing reversible error in reviewing a decision of an administrative agency such as the Board.  Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

### B. Analysis

To succeed in an adverse action against an employee, an agency must establish that the conduct occurred, that there is a nexus between the conduct and the efficiency of the service, and that the penalty imposed by the agency was reasonable.  Bryant v. Nat'l Sci. Found., 105 F.3d 1414, 1416 (Fed. Cir. 1997).  5 C.F.R. § 1201.56(b) requires, among other things, that the Board overturn the action of the agency if the employee shows harmful error in the application of the agency's procedures in arriving

at its decision, or shows that the decision was not in accordance with law. See 5 C.F.R. § 1201.56(b). Harmful error is defined as "[e]rror by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error." Id. § 1201.56(c)(3). Love does not contest the Board's analysis of the second of the factors noted in Bryant, so we will confine our analysis to the first and third factors.

## 1. Conduct

The Board affirmed the single charge against Love, finding that the Postal Service proved, by preponderant evidence, four of the seven specifications supporting the charge. Initial Decision, slip op. at 8. Regarding the first specification, the administrative judge found that the testimony and investigative interviews of multiple employees supported the conclusion that Love moved maintenance parts in violation of a collective bargaining agreement with the American Postal Workers Union, in which it is undisputed that Love was not authorized to move maintenance parts. Id. at 2-4. As to the second specification, the administrative judge found that, based on statements of multiple witnesses that contradicted Love's testimony, Love left confidential documents in open view and thus failed to safeguard the confidentiality of employee records. Id. at 4-5. On the third specification, the administrative judge affirmed the specification that Love engaged in loud and unprofessional conversations, noting that Love did not respond to or rebut the statements from multiple employees that Love engaged in shouting matches and spoke loudly regarding private matters. Id. at 5. Finally, the administrative judge affirmed the specification that Love discarded and shipped parts

05-3317                                              4

without documentation, crediting statements by multiple witnesses over Love's contrary testimony. Id. at 6-7.

On appeal from the conduct determination, Love argues that these specifications cannot be sustained because the Board was not provided with all of the facts due to error by the agency in the application of its procedures. Love also argues that the Board erred in crediting the statements of multiple employees over her contradictory statements, apparently contending that the testimony of certain unspecified individuals is not credible on the grounds that they were promoted at some unknown time subsequent to testifying at the hearing. Love indicates, in her informal brief, that she will move to submit a formal brief challenging the Board's application of law. However, she has not filed any further brief, and we address only the arguments she has presented in her informal brief. Love's arguments regarding the sufficiency of the evidence are unpersuasive.

Love contends that the Board improperly decided the case with less than all of the facts, arguing: (1) that the Postal Service committed procedural error in failing to provide "information from the MS-63;" (2) that she "was not in a Position to assist [her] council [sic] prior [to] the hearing" because of a lack of documents and a shortened notice period; (3) that "official documentation was not available;" and (4) that "[t]here are employees and information now available."

Love first argues that she should have been provided documents supporting the charges against her such as "information from the MS-63." Although she does not make clear what she is referring to as "the MS-63," the only document from the file relied upon by the Postal Service in preparing the proposed action was the investigative

report. Id. at 10. Nothing in the record indicates that the Postal Service precluded Love's review or in any way prevented her from access to the investigative report. Moreover, the Board found that Love's legal representative knew he and Love were entitled to review the investigative report, yet did not attempt to schedule a meeting to do so. Id. Thus, she cannot fault the Postal Service for the lack of her own diligence.

Love next argues that she was not in a position to assist her counsel, first because of a lack of documents and second because of a shortened notice period. As for the lack of documents, the Board found that this was due to Love's failure to review her own records, her failure to schedule an appointment to review those records relied upon by the Postal Service, and her failure to take advantage of the opportunity given to her by the Board to provide facts to the Board during her appeal. Id. at 10-11. As for the shortened notice period, Love argues that she was not in a position to assist her counsel because the Postal Service did not properly apply the thirty-day notice requirement of 5 U.S.C. § 7513(b)(1) by effecting her demotion within twenty-seven days after issuance of the Notice. Although the Board found that the Postal Service technically violated the thirty-day notice provision, the Board concluded that Love's right to respond to and review documents supporting the Notice was not harmed by the four-day premature action. Id. The record before us supports the Board's conclusion that any procedural error present here was harmless. Simply put, Love has not shown that, if the demotion would have been effected four days later, a different outcome might have been reached. See 5 C.F.R. § 1201.56(c)(3).; Smith v. United States Postal Serv., 789 F.2d 1540, 1546 (Fed. Cir. 1986) (finding no harmful error even where petitioner was given only 18, rather than statutorily required 30 days notice of proposed removal);

see also Devine v. Brisco, 733 F.2d 867, 872-73 (Fed. Cir. 1984) ("a mere conjectural possibility of prejudice cannot suffice as a basis for inferring actual prejudice").

Love's third and fourth arguments, contending that that "official documentation was not available" and that "[t]here are employees and information now available," are based on evidence not present in the record and not considered by the administrative judge. Our precedent is clear that facts not before the Board cannot be considered on appeal. "Our precedent clearly establishes the impropriety of seeking a reversal of the [B]oard's decision on the basis of assertions never presented to the presiding official or to the [B]oard." Rockwell v. Dep't of Transp., 789 F.2d 908, 913 (Fed. Cir. 1986); see Oshiver v. Office of Pers. Mgmt., 896 F.2d 540, 542 (Fed. Cir. 1990) (holding that this court will not consider new evidence that was not presented to the Board); Rockwell, 789 F.2d at 913 (explaining that Congress limited this court's appellate review "to final orders and decisions of the Board on the record").

Finally, and in addition to the foregoing, Love challenges the sufficiency of the evidence based upon the Board's credibility determinations. Because the administrative judge is in the best position to evaluate credibility, his credibility determinations are "virtually unreviewable" on appeal, see Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986), and will not be disturbed unless inherently improbable, discredited by undisputed evidence, or contrary to physical facts, Hanratty v. Dep't of Transp., 819 F.2d 286, 288 (Fed. Cir. 1987). Love's allegations that certain unspecified individuals who testified against her were promoted at some unknown time subsequent to testifying at the hearing do not meet the high burden required to disturb the administrative judge's credibility determinations.

Love has not identified any reversible error in the Board's decision to sustain the charge.

## 2. Penalty

Love also challenges the penalty, asking this court for a reassignment to a different position where she can use more of her skills. The "[d]etermination of an appropriate penalty is a matter committed primarily to the sound discretion of the employing agency." Brook v. Corrado, 999 F.2d 523, 528 (Fed. Cir. 1993) (quoting Beard v. Gen. Servs. Admin., 801 F.2d 1318, 1322 (Fed. Cir. 1986)). Accordingly, "we will not disturb a penalty unless it exceeds the range of permissible punishment or is 'so harsh and unconscionably disproportionate to the offense that it amounts to an abuse of discretion.'" Gonzales v. Def. Logistics Agency, 772 F.2d 887, 889 (Fed. Cir. 1985) (quoting Villela v. Dep't of Air Force, 727 F.2d 1574, 1576 (Fed. Cir. 1984)).

Love's arguments do not demonstrate an abuse of discretion by the Postal Service. Citing Douglas v. Veterans Admin., 5 M.S.P.R. 280, 305-06 (1981), the administrative judge reviewed the relevant Douglas factors and determined that, due to Love's inability to supervise subordinate employees, the demotion to the highest level non-supervisory position was an appropriate penalty. Initial Decision, slip op. at 13-14. Although we appreciate Love's desire to exploit the skills she developed while in a supervisory position, Love points to no error in the Board's determination that the penalty was appropriate, and we find none.

CONCLUSION

For the foregoing reasons, we conclude that the Board's decision sustaining the charge of failure to conduct duties and responsibilities as a supervisor in a manner conducive of leadership, and affirming the penalty of demotion is supported by substantial evidence, is not an abuse of discretion, and does not otherwise contain reversible error. Accordingly, we <u>affirm</u> the Board's decision.