NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-3233

SHIRLEY R. RUSH,

Petitioner,

v.

DEPARTMENT OF THE TREASURY,

Respondent.

_____

DECIDED: December 14, 2006

_____

Before RADER and DYK <u>Circuit Judges</u>, and WHYTE, <u>District Judge</u>.[*]

PER CURIAM.

Shirley R. Rush appeals from the decision of the Merit Systems Protection Board ("Board") in SE0353030422-I-2 holding that the Internal Revenue Service ("IRS") did not violate her reemployment priority rights following her recovery from a compensable injury.  We <u>affirm</u>.

## BACKGROUND

Prior to her removal in 1995, Ms. Rush was employed by the IRS as a GS11 Revenue Officer in Anchorage, Alaska.  She was responsible for collecting delinquent accounts and interviewing taxpayers at their business location or home when

_____

[*]    Honorable Ronald M. Whyte, District Judge, United States District Court for the Northern District of California, sitting by designation.

necessary. Due to this contact with potentially hostile taxpayers, the position was rated Moderate Risk.

On two separate occasions, potentially violent taxpayers threatened Ms. Rush while she was performing her duties. As a result she was diagnosed with post traumatic stress disorder, and her doctor advised her to avoid client contact. After Ms. Rush took sick leave, annual leave, and leave without pay from her job, the IRS removed her from her position effective June 21, 1995, for being unable to perform the duties of her position.

Ms. Rush applied for disability compensation payments from the Department of Labor's Office of Workers' Compensation Programs ("OWCP"). Her application was accepted on October 7, 2002, thus entitling her to compensation. The reason for the delay in processing her application is not apparent from the record. The same letter notified her that her entitlement ended no later than September 12, 2002, when OWCP concluded that her compensable post traumatic stress disorder had resolved. Under 5 C.F.R. § 353.301(b) (2005), Ms. Rush had 30 days from September 12, 2002, to invoke her statutory reemployment priority rights. Once those rights were properly invoked, the IRS was obligated to "make all reasonable efforts to place, and accord priority to placing, [her in her] former or equivalent position within such department or agency, or within any other department or agency." 5 U.S.C. § 8151(b)(2); see also 5 C.F.R. Part 353 (2005).

On June 16, 2003, Ms. Rush requested in writing to be returned to her former position with the IRS or be given priority consideration for another position. The IRS informed Ms. Rush by letter on August 21, 2003, that she was not eligible for priority

consideration because she did not meet the time limit for application for reemployment. Ms. Rush timely appealed the IRS's decision to the MSPB.

After a hearing, the administrative judge ("AJ") held that, although Ms. Rush had not complied with the 30-day filing requirement for her priority consideration claim, she was entitled to a waiver of that deadline because the IRS did not timely inform her of the filing deadline and because she exercised due diligence in ascertaining what she needed to do to be reemployed with the agency. The AJ thus held that Ms. Rush's claim was timely.

Turning to the merits, the AJ held that the IRS did not violate Ms. Rush's reemployment priority rights during the relevant time period of June 16, 2003, to November 9, 2004, because the evidence showed that the IRS did not have any vacant GS11 Revenue Officer or equivalent positions during that time period. The AJ credited unrebutted testimony that the IRS fills GS11 Revenue Officer vacancies by promoting internally, and thus that no external candidates were hired over whom Ms. Rush should have been accorded priority in the relevant time period. The AJ also credited unrebutted testimony that the Revenue Officer position is unique and that no equivalent positions exist within the IRS or other federal agencies. Accordingly, the AJ held that the IRS had not violated Ms. Rush's reemployment priority rights but, because the AJ determined that the request was timely, the AJ ordered the IRS to place Ms. Rush on its reemployment priority list effective the date it received her June 16, 2003, restoration request and to afford her priority consideration going forward. Ms. Rush appealed the AJ's decision to the full Board which denied review. A timely appeal to this Court followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2000).

2006-3233

3

DISCUSSION

The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998). The Board's credibility determinations are questions of fact, and are "virtually unreviewable" on appeal. See Hambsch v. Dep't of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986).

On appeal Ms. Rush argues that the Board made legal errors in construing the statutes and regulations governing reemployment rights, claiming that she was entitled to priority over both internal and external candidates. The Board correctly determined that she had a right to reemployment priority only over other external candidates for GS11 Revenue Officer positions or equivalent positions, since the relevant regulation provides that "[i]n filling vacancies, the agency must give RPL [(reemployment priority list)] registrants priority consideration over certain outside job applicants and, if it chooses, also may consider RPL registrants before considering internal candidates." 5 C.F.R. § 330.201(a) (2005) (emphasis added).

Ms. Rush also challenges several factual determinations made by the Board. She challenges the Board's determination that she did not request to return to work until June 16, 2003. She argues that her restoration rights arose before that date, and thus that the Board's finding regarding the availability of GS11 Revenue Officer or equivalent positions was incomplete since it did not account for positions that might have become available before June 16, 2003. We see no error in the Board's determination to limit

his inquiry to the time period following June 16, 2003. Ms. Rush also challenges the Board's denial of her request for additional discovery. We see no abuse of discretion since her discovery request sought information outside of the relevant time period.

Ms. Rush's remaining argument (that partial recovery from a compensable injury should make her claim retroactive to 1995) involves allegations that were not presented to the Board. Those issues are not properly before us on this appeal. See Oshiver v. Office of Pers. Mgmt., 896 F.2d 540, 542 (Fed. Cir. 1990) (citing cases). Her attempt to challenge her 1995 removal is precluded under the doctrine of res judicata, since the issue was previously resolved by the Board in SE752950359-I-1.

Accordingly, we affirm the Board's decision.

No costs.