NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JERRIDENE H. MOORE,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2014-3089

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-11-0881-I-1.

---

Decided: September 16, 2014

---

JERRIDENE H. MOORE, of Red Oak, Georgia, pro se.

STEPHEN FUNG, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief was BRYAN G. POLISUK, General Counsel.

---

Before CHEN, LINN, and HUGHES, *Circuit Judges.*

PER CURIAM.

After multiple appeals to the Merit Systems Protection Board, Jerridene H. Moore sought review of a decision by a board administrative judge dismissing her appeal. Her petition for review to the full board, however, was filed almost 18 months after that decision became final. The Board will excuse untimely filings if a petitioner establishes good cause for the delay. Because the Board did not abuse its discretion in finding that Ms. Moore did not show good cause for the delay in filing her appeal, we affirm.

I

On April 7, 2010, the Social Security Administration issued a decision removing Ms. Moore from service. Two days later, a union representative filed a grievance on Ms. Moore's behalf under the Administration's negotiated grievance procedure. According to Ms. Moore, the Administration issued a decision under that procedure on April 19, 2010.

In May 2010, Ms. Moore appealed to the Board. An administrative judge issued an initial decision, finding that, under 5 U.S.C. § 7121(e)(1), Ms. Moore's earlier grievance disqualified her from appealing to the Board. That initial decision became final in October 2010, after Ms. Moore failed to file a timely petition for review.

In March 2011, Ms. Moore appealed to the Board again. An administrative judge dismissed Ms. Moore's appeal in June 2011, finding that she was collaterally estopped from relitigating the appeal of her removal. This dismissal became final in July 2011, after Ms. Moore again failed to file a timely petition for review.

In August 2011, Ms. Moore appealed to the Board for a third time. The Board found that it was unclear whether Ms. Moore was appealing her April 7, 2010 removal or an arbitrator's decision from July 2011 that may have

included discrimination claims. Accordingly, the Board ordered the parties to address whether the Board had jurisdiction over Ms. Moore's appeal. The Board mailed its order to Ms. Moore's address of record on October 18, 2011. On October 26, 2011, she responded, requesting "review based on the discrimination that was not addressed in the arbitration hearings." App. of Resp't 77.

On November 10, 2011, an administrative judge dismissed Ms. Moore's third appeal under the doctrine of collateral estoppel, finding the appeal apparently identical to her two prior appeals. The Board mailed its decision to Ms. Moore's address of record. More than 18 months later, on June 11, 2013, Ms. Moore petitioned for review. After receiving notice that her petition was untimely, Ms. Moore asked the Board to set aside the time limit for filing her petition. Her motion alleged that she first received the Board's November 10, 2011 decision on May 29, 2013, when she went to a Regional Office to check on the progress of her case. She argued that the Board should waive the time limit because she was diagnosed with bronchitis in June 2013, she had been "somewhat homeless," and she had "countless problems" receiving her mail. App. of Resp't 36.

In a final order, the Board denied Ms. Moore's motion. As required by 5 C.F.R. § 1201.22(b)(3), the Board presumed that Ms. Moore timely received the November 10, 2011 decision. Finding that Ms. Moore failed to rebut this presumption and that her failure to monitor her case amounted to negligence, the Board dismissed her appeal as untimely. The Board also ordered that Ms. Moore's request for review of an arbitration decision based on discrimination be forwarded to the clerk of the Board for docketing.

Ms. Moore appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## II

We must affirm the Board's decision unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

Petitioners must request review of an initial Board decision within 35 days after the decision issues, or within 30 days of receipt of the decision if received more than five days after issuance. 5 C.F.R. § 1201.114(e).

The Board presumes that properly addressed correspondence sent to the petitioner's address of record was duly delivered to the addressee. 5 C.F.R. § 1201.22(b)(3). A petitioner "may not avoid service of a properly addressed and mailed decision by intentional or negligent conduct which frustrates actual service." *Id.* The Board may excuse late filings, however, if a party shows good cause. 5 C.F.R. § 1201.114(g). Considerations bearing on whether or not there is good cause for an untimely filing include the length of the delay, whether the appellant was notified of the time limit, whether circumstances existed beyond the appellant's control that affected her ability to comply with the deadline, whether the appellant was negligent regarding the delay, and whether the appellant suffered any "unavoidable casualty or misfortune" that may have prevented timely filing. *Zamot v. Merit Sys. Prot. Bd.*, 332 F.3d 1374, 1377 (Fed. Cir. 2003) (citing *Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994)).

The Board found that Ms. Moore's bronchitis—diagnosed almost 18 months after the November 10, 2011 decision became final—could not excuse her failure to file a timely petition. The Board also found that Ms. Moore had not changed her address of record and, as required,

presumed that its initial decision was duly delivered to her. *See* 5 C.F.R. § 1201.22(b)(3).

Furthermore, the Board found Ms. Moore had significant experience with Board procedures. Indeed, Ms. Moore filed two prior appeals, and she responded to Board inquiries regarding the appeals that were sent to her address of record. On at least two occasions in 2011, Ms. Moore responded within days of receiving Board inquiries. Additionally, Ms. Moore stated that she knew of problems receiving mail at the address of record. Under our deferential standard of review, we cannot conclude that the Board erred in dismissing Ms. Moore's appeal.

Ms. Moore alleges that the Board failed to consider "discrimination" and submits evidence of a serious injury in February 2011. But Ms. Moore's discrimination claims are not before us because the Board ordered its clerk to docket these allegations separately from the allegations at issue in this appeal. And we cannot address evidence of Ms. Moore's alleged February 2011 injury, as that evidence was not part of the record before the Board. *See Oshiver v. Office of Pers. Mgmt.*, 896 F.2d 540, 542 (Fed. Cir. 1990).

We have considered Ms. Moore's remaining arguments and find them unpersuasive.

## AFFIRMED

No costs.