# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARK E. CAHILL, | DOCKET NUMBER |
| Appellant, | DE-0831-13-1773-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: November 17, 2014 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Mark E. Cahill</u>, Columbia Falls, Montana, pro se.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal of a final decision by the Office of Personnel Management (OPM) denying survivor annuity benefits under the Civil Service Retirement System (CSRS) for lack of jurisdiction, finding that the appellant filed the appeal

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on behalf of his mother's estate after her death. For the following reasons, we AFFIRM the administrative judge's finding that the appellant cannot initiate an appeal on behalf of his mother's estate; however, we MODIFY the initial decision to find that the Board has jurisdiction to consider the appellant's individual claims for benefits under CSRS and AFFIRM OPM's decision denying the appellant benefits based on his father's federal service. Except as expressly modified by this Final Order, we AFFIRM the initial decision.

## BACKGROUND

¶2 The appellant's father (retiree) had retired from federal service in 1978, electing a maximum survivor annuity for his then wife, who was also the appellant's mother, before the couple divorced in 1981. Initial Appeal File (IAF), Tab 1 at 5, Tab 11 at 31-33. After the death of the retiree in June 1991, IAF, Tab 11 at 30, OPM determined that his former wife was not entitled to a former spouse survivor annuity benefit under the divorce decree issued prior to the enactment of the Civil Service Retirement Spouse Equity Act of 1984 (1984 Act), *id*.; *see* IAF, Tab 11 at 5, 12. OPM determined that the retiree's annuity should have been adjusted from the elected reduced rate to the life rate at the time of the divorce. IAF, Tab 1 at 5, Tab 11 at 19. Following an application for death benefit filed by the appellant and his sister, IAF, Tab 11 at 14, 20-21, OPM recomputed the retiree's annuity retroactive to the date of the dissolution of the marriage and provided the appellant and his sister a lump-sum payment, which included the retroactive adjustment, IAF, Tab 1 at 5, Tab 11 at 17-19.

¶3 In June 2012, after his mother's death, and more than 20 years after the retiree's death, the appellant contacted OPM, asserting his mother's purported entitlement to former spouse survivor annuity benefits. Petition for Review (PFR) File, Tab 3 at 3-4. OPM responded that all available benefits had been paid to the appellant and his sister and that his mother was not eligible for a survivor annuity for the reasons provided in 1991. IAF, Tab 11 at 11-13. The

appellant continued to pursue additional benefits from OPM, particularly on the grounds that OPM had erroneously denied payment of a survivor annuity to his mother as provided for in his parents' 1981 property settlement agreement. IAF, Tab 13. OPM issued a final decision in June 2013, affirming its prior decisions that all available benefits had been paid to the appellant and his sister and that the dissolution decree and property settlement agreement between the appellant's parents was unacceptable for processing survivor annuity benefits. IAF, Tab 1 at 5.

¶4 The appellant filed this appeal and identified his deceased mother as the appellant in the claim, arguing that OPM has misinterpreted the law in denying her survivor benefits. IAF, Tab 1 at 1-2. OPM argued that the appellant's mother was ineligible for such benefits because the property settlement agreement apportioning a share of the retiree's benefits was entered prior to the enactment of the 1984 Act, and the mother had remarried prior to the age of 55. IAF, Tab 11 at 5; *see* 5 C.F.R. §§ 838.802, 838.1004. The administrative judge dismissed the appeal for lack of jurisdiction, finding that the OPM decision under appeal is whether the estate of the appellant's deceased mother is entitled to survivor annuity benefits, and the estate lacked standing to file the Board appeal after the death of the appellant's mother. IAF, Tab 20, Initial Decision (ID) at 4-5.

¶5 On review, the appellant asserts that he did not file a claim on behalf of the estate of his mother but rather requested payment of the accrued annuity "pursuant to the Federal order of precedence and applicable statutes." PFR File, Tab 3 at 2. He asserts that OPM failed to provide adequate notice regarding reelection rights, and claims damages from his mother's former spouse annuity benefits "as the natural object of [his] parents['] bounty." *Id.* at 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 The Board's jurisdiction is not plenary; it is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit*

*Systems Protection Board*, [759 F.2d 9](#), 10 (Fed. Cir. 1985). The appellant bears the burden of proof of establishing Board jurisdiction by a preponderance of the evidence. [5 C.F.R. § 1201.56](#)(a)(2)(i). The burden of proving entitlement to a survivor annuity is on the applicant for benefits. *Cheeseman v. Office of Personnel Management*, [791 F.2d 138](#), 140-41 (Fed. Cir. 1986); [5 C.F.R. § 1201.56](#)(a)(2).

¶7        To the extent that the appellant filed the appeal on behalf of his mother for former spouse annuity benefits, we agree with the administrative judge that the appellant lacks standing and that the estate cannot file an appeal after the death of the individual claiming benefits. Although the Board's regulations permit a properly substituted party to pursue the appeal of an appellant who dies or is unable to pursue the appeal, [5 C.F.R. § 1201.35](#), they do not provide for a substitution of a party before the appeal is filed, *Glover v. Department of the Army*, [94 M.S.P.R. 534](#), ¶ 10 (2003). The Board has applied this prohibition against an estate or survivor initiating an appeal in a range of claims, including individual right of action and chapter 75 appeals, and the principle also applies to appellants in retirement appeals. *See id.*, ¶ 9; *see also Estate of Pyc v. Department of Veterans Affairs*, [73 M.S.P.R. 326](#), 328 & n.2 (1997). The U.S. Court of Appeals for the Federal Circuit has upheld the Board's determination that the right to file for a CSRS annuity is personal and that the wife of an individual with the right to file for an annuity generally lacks standing to file the application. *Oshiver ex rel. Oshiver v. Office of Personnel Management*, [896 F.2d 540](#), 541 (Fed. Cir. 1990). The appellant made no argument supporting his assertion that [5 C.F.R. § 1201.35](#) provides for an appeal following the death of the individual with appeal rights, and the plain language of the regulation clearly provides for a contingency "[i]f an appellant dies." In the present case, the appellant's mother had not filed an appeal and thus was not an appellant whose death would permit a substitution of a proper party. PFR File, Tab 3 at 3. The appellant has failed to show error in the administrative judge's

analysis that the regulations do not permit a substitution of party prior to the filing of an appeal.

¶8      In his petition for review, the appellant asserts that he filed the claim on his own behalf and not on behalf of his mother's estate. PFR File, Tab 3 at 2. The Board has jurisdiction to hear an appeal of a final OPM determination affecting an individual's right or interests under the federal retirement laws. 5 C.F.R. § 1201.3(a)(2). In the present case, OPM provided a final decision to the appellant denying survivor annuity benefits based on his father's federal service, notifying him of his right to appeal the decision to the Board. IAF, Tab 1 at 5-6. Although the appellant's pleadings before the administrative judge seemed to seek benefits on behalf of his mother's estate, we note that the appellant also argued that authority exists for a payment of a deceased former spouse's share of an annuity to one or more of the retiree's children, IAF, Tab 18 at 4, and OPM decided in part that all benefits had been properly paid to the appellant and his sister upon his application, IAF, Tab 1 at 5-6, Tab 11 at 9, 11, 14, 17-19. We thus find Board jurisdiction over the appellant's individual claims for benefits as asserted, despite agreeing with the administrative judge that the appellant lacks standing to file an appeal for survivor annuity benefits on behalf of his mother's estate. *See* ID at 4-5. However, for the following reasons, we find that the appellant has not met his burden of proving entitlement to a survivor annuity or any other benefits.

¶9      The appellant has not made a nonfrivolous allegation that he is entitled to any survivor benefits associated with his father's federal service. He has made no argument that he qualifies for a survivor annuity on his own account as the child of the employee under 5 U.S.C. § 8341(a)(4). As for the appellant's assertions that he is entitled to the survivor annuity intended for his mother, he mischaracterizes OPM's regulations, including those concerning the death of the former spouse receiving CSRS benefits. For instance, the appellant cites OPM's regulation at 5 C.F.R. § 838.1012(b)(4), which states that OPM will honor a

qualifying court order directing OPM to pay, after the death of the former spouse, the former spouse's share of the employee annuity to one or more of the retiree's children as defined by statute. PFR File, Tab 3 at 4. However, 5 C.F.R. § 838.1012(a) provides that "[u]nless the qualifying court order expressly provides otherwise, the former spouse's share of employee retirement benefits terminates on the last day of the month before the death of the former spouse." Thus, contrary to the appellant's assertion, the regulations establish that the retirement benefits terminate with the death of the former spouse unless otherwise instructed by a qualifying court order. *See* PFR File, Tab 3 at 4. His citation to 5 U.S.C. § 8424(g) regarding unpaid accrued annuity benefits is irrelevant, as the statute concerns the Federal Employees' Retirement System and the appellant's father received benefits under CSRS. *Id*. at 3-4. To the extent that the appellant sought to reference the order of precedence for a lump-sum payment under CSRS pursuant to 5 U.S.C. § 8342, we note that the record indicates that OPM paid a lump-sum to both the appellant and his sister in 1991, after their father's death. *See* IAF, Tab 11 at 17-19.

¶10    We have considered the appellant's other arguments and find that they pertain to whether his mother should have been entitled to a former spouse survivor annuity based on alleged errors by OPM. *See, e.g.*, PFR File, Tab 3 at 3. He has not shown, and we are not aware of, any valid basis for concluding that any such errors affected any right or interest belonging to him individually under federal retirement law.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.