**Kent P. NOBLE, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**No. 03–3043.**

United States Court of Appeals, Federal Circuit.

**DECIDED: July 11, 2003.**

Before MICHEL, SCHALL, and PROST, Circuit Judges.

## DECISION

PER CURIAM.

Kent P. Noble petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed for lack of jurisdiction his appeal of his alleged involuntary retirement from the United States Postal Service ("Postal Service" or "agency"). *Noble v. United States Postal Serv.*, No. AT–0752–01–0496–I–2, 93 M.S.P.R. 305, 2002 WL 31113542 (MSPB Sept. 17, 2002) (*"Noble Final Decision"*). We *affirm*.

## DISCUSSION

### I.

Prior to his retirement, Mr. Noble was employed at the Gadsden Post Office in Gadsden, Alabama. His last day of work there was May 12, 2000. On July 24, 2000, the Office of Personnel Management ("OPM") received his application for disability retirement. In the application, Mr. Noble stated that he was suffering from "Major Depression." In response to a request on the application for a description of the restrictions on his activities that were caused by his disability, Mr. Noble wrote, "Can not work for the Postal Ser-

vice." At the same time, when asked to describe what accommodation of his disability he had requested from the Postal Service, he wrote, "None, can not work for the Post[al] Service." On October 13, 2000, OPM approved Mr. Noble's application for disability retirement, effective as of May 13, 2000.

On March 9, 2001, OPM sent a notice to Mr. Noble indicating that it had overpaid him for the period May 13, 2000 to February 28, 2001 because of "Part Time Service Not Accounted for in Special Pay" and notifying him that a collection was scheduled from his annuity because of the overpayment. Mr. Noble simultaneously appealed OPM's decision to the Board and requested reconsideration from OPM. Before the Board, he alleged that OPM had erred in the salary calculation that was used in determining his disability retirement benefits. Subsequently, during a conference call with the administrative judge ("AJ") on May 16, 2001, counsel for Mr. Noble stated that he wished to await the issuance of OPM's reconsideration decision and he asked the AJ to dismiss the appeal without prejudice for a period of ninety days. The AJ granted the request and dismissed the appeal without prejudice, noting that Mr. Noble "must refile his appeal within ninety (90) calendar days from the date of this initial decision, or no later than August 15, 2001, for his appeal to be deemed timely refiled." *See Noble v. United States Postal Serv.*, No. AT–0752–01–0496–I–1 (MSPB May 16, 2001).

On August 14, 2001, Mr. Noble refiled his appeal with the Board, noting that OPM had not issued a decision on his reconsideration request and again challenging the agency's salary determination for disability retirement purposes. However, on September 5, 2001, during a conference call with the AJ, Mr. Noble stated through counsel that the only issue on

appeal was whether his disability retirement was involuntary because he had relied on erroneous information regarding his retirement calculations in reaching his decision to retire. As a result of this change, the AJ advised the parties that there was a question as to the Board's jurisdiction over Mr. Noble's involuntary retirement claim. *Noble v. United States Postal Serv.*, No. AT–0752–01–0496–I–2, slip op. at 3 (MSPB Sept. 5, 2001) (summary of conference call and order). The AJ informed Mr. Noble that he had the burden of establishing the jurisdiction of the Board by a preponderance of the evidence. *Id.* He ordered Mr. Noble to file evidence and argument to prove that the Board had jurisdiction in the case.[1] *Id.*

On October 22, 2001, after receiving submissions from both Mr. Noble and the agency, the AJ issued an initial decision dismissing Mr. Noble's appeal on the ground that he had failed to allege facts sufficient to establish jurisdiction by demonstrating that his retirement was involuntary. *Noble v. United States Postal Serv.*, No. AT–0752–01–0496–I–2 (MSPB Oct. 22, 2001) (*"Noble Initial Decision"*). The AJ's initial decision became the final decision of the Board on September 17, 2002, when the Board denied Mr. Noble's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. *Noble Final Decision*, slip op.

at 1. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed. Cir.1998).

A decision to resign or retire is presumed voluntary, and an employee who voluntarily resigns or retires has no right of appeal to the Board. *Shoaf v. Dep't of Agric.*, 260 F.3d 1336, 1340–41 (Fed.Cir. 2001). However, the Board does have jurisdiction over an appeal filed by an employee who has resigned or retired if the employee proves, by a preponderance of the evidence, that his or her resignation or retirement was involuntary and thus tantamount to a forced removal. *Id.* at 1341. To establish a claim of involuntary disability retirement, a former government employee must show: (1) that an accommodation of his disability was available on the date of his separation; (2) that the agency did not afford him that accommodation; and (3) that he indicated to the agency that

---

1. On September 7, 2001, Mr. Noble's attorney sent a letter to the AJ, providing him with a copy of a letter dated July 19, 2001 that Mr. Noble had received from OPM. In this letter, OPM indicated that Mr. Noble's request for reconsideration had been reviewed and that, as a result, OPM's initial decision had been rescinded. The letter indicated that, based on new evidence, Mr. Noble's file was "being returned to the deciding office for a review of new findings concerning ... [his] average salary." Based on OPM's letter, counsel asked the AJ to "assert jurisdiction at this time and

bring ... OPM into these proceedings." Alternatively, counsel asked that the proceeding be held in abeyance until OPM made its new initial decision regarding the retirement computation, and that Mr. Noble be allowed to appeal at that time, rather than having to request reconsideration from OPM. However, this is the last mention in the record of Mr. Noble's benefits claim. In his subsequent filings with the Board, Mr. Noble pursued only his involuntary retirement claim, and that is the only issue he raises on appeal.

he wished to continue working despite his medical limitations. *Fahrenbacher v. Dep't of Veterans Affairs,* 89 M.S.P.R. 260, 264 (2001) (citations omitted).

In determining that Mr. Noble had failed to establish that his disability retirement was involuntary, the AJ applied the *Fahrenbacher* standards. *See Noble Initial Decision,* slip op. at 3–6. The AJ noted that Mr. Noble had failed to point to another position in which his disability could have been accommodated or to otherwise explain with specificity how his condition could have been accommodated in order to enable him to continue his employment. *Id.* at 4. The AJ also noted that Mr. Noble had not alleged either that the Postal Service had failed to afford him accommodation or that he had indicated to the agency that he wished to continue working despite his limitations. *Id.* Indeed, as noted above, in his disability application, Mr. Noble expressly stated that no accommodation of his condition was possible and that he could not work for the Postal Service.

On appeal, Mr. Noble does not argue that the Board applied the wrong law. Neither does he challenge any of the AJ's findings of fact. Rather, his sole contention is that "the Postal Service failed to take any action or make any effort to accommodate the request made by the appellant's doctor for a transfer." There are two problems with this argument, however. First, there is no request from Mr. Noble's doctor in the record, and we do not consider on appeal evidence that was not before the Board. *See Oshiver v. Office of Pers. Mgmt.,* 896 F.2d 540, 542 (Fed.Cir.1990) (citations omitted). Second, even if the request were part of the record, it would not help Mr. Noble in establishing Board jurisdiction over his appeal. Although Mr. Noble has asked that the request be made part of the record, he has not indicated when the request was made. As the government points out, the fact that a request was made at some undetermined time does not show that, at the time of his application for disability retirement, Mr. Noble requested an accommodation, an accommodation was available, and the Postal Service failed to offer the accommodation.

Mr. Noble has failed to establish that the decision of the Board is either incorrect as a matter of law or not supported by substantial evidence. The Board's decision is, therefore, affirmed.

No costs.