## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VICTOR R. ZIEGLER, SR,<br>Appellant,<br><br>v.<br><br>DEPARTMENT OF THE INTERIOR,<br>Agency. | DOCKET NUMBER<br>DE-3443-02-0301-I-1<br><br><br><br>DATE: December 27, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Victor R. Ziegler, Sr., Fort Thompson, South Dakota, pro se.

Teresa M. Garrity, Esquire, Bloomington, Minnesota, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision in *Ziegler v. Department of the Interior*, MSPB Docket No. DE-3443-02-0301-I-1, which dismissed his appeal for adjudicatory efficiency.[2] For the reasons set forth

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] We issue a separate final order concerning the appellant's petitions for review of the initial decisions in *Ziegler v. Department of the Interior*, MSPB Docket

below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2    In November 2001, the appellant filed appeals in which he alleged that the agency constructively demoted him, effective February 16, 1999, and coerced his resignation, effective April 4, 1999. *Ziegler v. Department of the Interior*, MSPB Docket Nos. DE-0752-02-0050-I-1 (*Ziegler* 0050), DE-0762-02-0051-I-1 (*Ziegler* 0051). The administrative judge issued initial decisions dismissing both appeals for lack of jurisdiction, *Ziegler* 0050, Initial Decision (Mar. 8, 2002); *Ziegler* 0051, Initial Decision (Mar. 8, 2002), and the appellant petitioned for review of both decisions.[3]

¶3    Shortly thereafter, on May 23, 2002, the appellant filed the instant appeal, seeking to reassert the same constructive demotion and involuntary resignation claims. Initial Appeal File (IAF), Tab 1. With his appeal, he submitted a copy of a final agency decision, dated April 16, 2002, in which the agency denied his equal employment opportunity (EEO) complaint concerning the same matters and notified him that the Board was the proper forum for an appeal of its decision. *Id*. Because the petitions for review in *Ziegler* 0050 and *Ziegler* 0051 were still pending, the administrative judge dismissed the appeal for adjudicatory efficiency. IAF, Tab 6, Initial Decision (June 21, 2002). She further found that, in light of her earlier finding that the Board lacked jurisdiction over the appellant's constructive demotion and involuntary resignation claims, the

---

Nos. DE‑3443‑06-0454-M-2, Initial Decision (Nov. 7, 2008), and DE-3443-06-0455-M‑2, Initial Decision (Nov. 7, 2008).

[3] On December 18, 2002, the Board issued a final order joining *Ziegler* 0050 and *Ziegler* 0051 and denying both petitions for review. The U.S. Court of Appeals for the Federal Circuit affirmed that decision on July 11, 2003. *Ziegler v. Department of the Interior*, 70 F. App'x 541 (Fed. Cir. 2003).

appellant's EEO complaint was not a "mixed" complaint under Equal Employment Opportunity Commission (EEOC) regulations, and the agency should therefore issue a corrected notice of appeal rights, identifying the EEOC as the forum in which to appeal its decision. *Id.* The administrative judge indicated that her initial decision in this case would become the Board's final decision on July 26, 2002, unless a petition for review was filed by that date. *Id.* Neither party filed a petition for review before that deadline.

¶4    On April 4, 2007, the appellant filed a petition for enforcement, seeking to enforce compliance with the administrative judge's instruction to process the EEO complaint in accordance with EEOC regulations. The administrative judge dismissed the petition, finding that the Board lacked enforcement authority over the matter, and the full Board denied the appellant's petition for review. *Ziegler v. Department of the Interior*, MSPB Docket No. DE-3443-02-0301-C-1, Compliance Initial Decision (July 31, 2007), Final Order (Dec. 18, 2007). The appellant filed an appeal with the U.S. Court of Appeals for the Federal Circuit, docketed as Fed. Cir. No. 2008-3161, and, on October 14, 2008, the court affirmed the Board's decision. *Ziegler v. Merit Systems Protection Board*, 296 F. App'x 930 (Fed. Cir. 2008).

¶5    In the meantime, in the course of a separate Board proceeding, the parties entered into a global settlement agreement, in which the appellant agreed to withdraw and release all claims against the agency. *Ziegler v. Department of the Interior*, MSPB Docket No. DE-3443-06-0454-M-2, Remand File (0454 RF), Tab 31 at 4-9; *Ziegler v. Department of the Interior*, MSPB Docket No. DE-3443-06-0455-M-2, Remand File (0455 RF), Tab 27 at 4-9; *see Ziegler v. Department of the Interior*, 116 M.S.P.R. 514, ¶ 2 (2011). Among other provisions, the agreement included a waiver of any claims under the Age Discrimination in Employment Act (ADEA) that arose or could have arisen prior to the effective date of the agreement. 0454 RF, Tab 31 at 7; 0454 RF, Tab 27 at 7. The agreement also included an explicit statement that, under the Older Workers

Benefits Protection Act (OWBPA), 29 U.S.C. § 626(f), the appellant was entitled to at least 21 calendar days from his receipt of a draft to consider the terms of the agreement, and 7 calendar days from the date of signing to revoke his decision to enter into the agreement. 0454 RF, Tab 31 at 7; 0454 RF, Tab 27 at 7. The appellant acknowledged that the 21-day period already had expired. 0454 RF, Tab 31 at 7; ¶ 18; 0454 RF, Tab 27 at 7. On the advice of the Board's Office of General Counsel, the parties modified the agreement on October 30, 2008, to strike a provision that would have stipulated to the dismissal of the Fed. Cir. 2008‒3161 case. 0454 RF, Tab 31 at 15-16; 0455 RF, Tab 27 at 15-16.

¶6 The appellant did not elect to revoke the agreement within 7 days after signing it or the modification thereto. Accordingly, the administrative judge dismissed the appeals as settled and entered the modified agreement into the record for enforcement purposes. 0454 RF, Tab 32, Remand Initial Decision (Nov. 7, 2008); 0455 RF, Tab 28, Remand Initial Decision (Nov. 7, 2008). In a subsequent court proceeding, the appellant contended that the agency violated the OWBPA when it bargained for and obtained the ADEA waiver, but the U.S. District Court for the District of South Dakota found that the ADEA waiver provision was compliant with the OWBPA. *Ziegler v. Jewell*, No. CIV. 12-4042, 2015 WL 1822874, at *5 (D.S.D. Apr. 21, 2015), *aff'd*, 637 F. App'x 246 (8th Cir. 2016), *cert. denied*, 2016 WL 4944632 (Oct. 31, 2016).

¶7 The appellant filed the instant petition for review on March 22, 2016. Petition for Review (PFR) File, Tab 1. In accordance with the Clerk of the Board's instructions, he has since filed a motion to accept the filing as timely and/or waive the time limit for good cause. PFR File, Tabs 2, 5. The agency has filed a response, to which the appellant has replied. PFR File, Tabs 9-10.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8 The Board's regulations provide that a petition for review must be filed within 35 days of the issuance of the initial decision or, if the appellant shows

that the initial decision was received more than 5 days after the date of issuance, within 30 days after the date he received the initial decision. 5 C.F.R. § 1201.114(d). Here, the appellant has not alleged or established that he received the initial decision more than 5 days after its issuance on June 21, 2002. PFR File, Tab 5. Thus, his petition for review was untimely filed by more than 13 years.

¶9 The Board will excuse the late filing of a petition for review on a showing of good cause for the delay. 5 C.F.R. § 1201.114(f). To establish good cause for an untimely filing, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶10 In his motion to waive the filing deadline, the appellant asserts that the agency did not comply with the OWBPA and the modification to the agreement concerning Fed. Cir. 2008-3161, and that he filed "as soon as [he] believed" the agency was in noncompliance. PFR File, Tab 5. However, he has not explained how his allegations of noncompliance with the OWBPA and the modified agreement would account for his delay in filing a petition for review of the initial decision in this case, which involves different claims and predates the agreement by more than 6 years. The appellant also appears to argue that he is entitled to equitable tolling consistent with *Kirkendall v. Department of the Army*, 479 F.3d 830 (Fed. Cir. 2007), but the holding of that case is inapplicable here, as it

concerns filing deadlines for Veterans Employment Opportunities Act complaints under 5 U.S.C. § 3330a, and does not relate to the timeliness of petitions for review of initial decisions by the Board. *See Kirkendall*, 479 F.3d at 843-44. Furthermore, the delay in this case is significant, and, while the appellant does not have representation in these proceedings, we take notice that he graduated from law school in 2004 and is a member of the District of Columbia Bar. *See Ziegler v. Jewell*, 2015 WL 1822874, at \*2. Under these circumstances, we find the appellant has not shown good cause for the delay in filing his petition.

¶11        Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the underlying appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                               Jennifer Everling
                               Acting Clerk of the Board

Washington, D.C.