NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VALLIRE I. SCOTT,**
*Petitioner,*

**v.**

**DEPARTMENT OF AGRICULTURE,**
*Respondent.*

---

2012-3050

---

Petition for review of the Merit Systems Protection Board in case no. DA0752110134-I-1.

---

Decided: June 11, 2012

---

VALLIRE I. SCOTT, of New Orleans, Louisiana, pro se.

JESSICA R. TOPLIN, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and CLAUDIA BURKE, Assistant Director.

---

Before LINN, PLAGER, and DYK *Circuit Judges*.

PER CURIAM.

Vallire I. Scott petitions for review of a final decision of the Merit Systems Protection Board ("Board") dismissing for lack of jurisdiction her appeal of a removal action taken pursuant to a last chance agreement ("LCA").[1] Because the Board's decision is in accordance with the law and is supported by substantial evidence, we *affirm*.

BACKGROUND

Ms. Scott was employed by the United States Department of Agriculture ("the agency"). In June of 2010, the agency proposed Ms. Scott's removal on charges of discourteous conduct and failure to follow proper leave-approving procedures. In July of 2010, the parties entered into an LCA in which the agency agreed to hold Ms. Scott's removal in abeyance if she met certain conditions. One of the conditions required Ms. Scott to call her supervisor no later than 8:55 a.m. to request unplanned or emergency leave. Ms. Scott further agreed to waive all right to appeal or challenge her termination if she failed to meet any of the conditions set forth in the LCA.

On October 6, 2010, Ms. Scott telephoned her supervisor at 9:07 a.m. to let him know that she would be late for her tour of duty, which was scheduled to begin at 7:55 a.m. In November 2010, the agency issued a decision removing Ms. Scott for having violated the LCA on Octo-

---

[1] *Scott v. Dept. of Agric.*, No. DA-0752-11-0134-I-I (March 14, 2011) ("Initial Decision"); *Orcino v. Office of Pers. Mgmt.*, No. SF-0831-11-0111-I-I (November 23, 2011) ("Final Order").

ber 6, 2010. In December 2010, Ms. Scott filed an appeal with the Board challenging the agency's removal decision.

The Board issued an initial decision on March 14, 2011, dismissing Ms. Scott's appeal for lack of jurisdiction. The Board determined that Ms. Scott had failed to make a non-frivolous allegation that she had complied with the LCA, that the agency had breached the LCA, or that the LCA was a result of fraud or mutual mistake. Initial Decision at 5. Accordingly, the Board held that Ms. Scott had failed to meet her burden of proving jurisdiction and dismissed the appeal. *Id.* at 7. On November 23, 2011, the Board issued an order denying Ms. Scott's petition for review, concluding that there was no new, previously unavailable, evidence and that the Initial Decision made no error in law or regulation that affects the outcome. Final Order at 3-4. This appeal followed.

## DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

Ms. Scott does not dispute that by signing the LCA, she waived her right to appeal her termination. To overcome that waiver and establish that the Board has jurisdiction to review her termination, she must prove compliance with the agreement, that the agency breached the agreement, or that she did not knowingly and voluntarily enter into the agreement. *Link v. Dep't of Treasury*, 51 F.3d 1577, 1582 (Fed. Cir. 1995).

Ms. Scott's main argument on appeal is that the agency materially breached the LCA by holding her to an allegedly illegal leave and attendance policy. To support her argument, Ms. Scott relies on a September 15, 2011, settlement agreement between the agency and her labor union that: (1) rescinded the agency's 2009 leave and attendance policy requiring flex-time employees working eight-hour days to request unplanned or emergency leave by 8:55 a.m.; (2) restored the agency's 2007 policy permitting such employees to make such requests by 10:00 a.m.; and (3) allowed employees to request reinstatement of leave used under the rescinded policy. According to Ms. Scott, the settlement agreement establishes that she had until 10:00 a.m. to notify her supervisor of her late arrival on October 6, 2010.

Ms. Scott is incorrect. Once having entered into the LCA, Ms. Scott and the agency were bound by its terms. *Buchanan v. Dep't of Energy*, 247 F.3d 1333, 1340 (Fed. Cir. 2001) (Plager, J. concurring). Furthermore, there is no indication in the record that the agency's 2011 settlement agreement with the union retroactively modified preexisting last-chance agreements; Ms. Scott is constrained by the terms of the LCA to which she agreed. Thus, Ms. Scott cannot rely on the settlement agreement to circumvent the conditions of her LCA.

To the extent Ms. Scott contends that the agency somehow breached the LCA by holding her to a more stringent leave and attendance policy than permitted by the settlement agreement, her argument lacks merit. We have held that an agency can impose additional conditions upon an employee in connection with an LCA and can discipline the employee for failing to comply with those conditions even if other employees would not typically be disciplined under the same circumstances. *Bu-*

*chanan* at 1339. We have considered Ms. Scott's other arguments and conclude that they are similarly without merit.[2]

CONCLUSION

For the foregoing reasons, this court affirms the Board's decision that it lacked jurisdiction to review Ms. Scott's termination.

**AFFIRMED**

---

[2] Ms. Scott did not raise nor did the Board address the question of whether a 12-minute delay in notifying her supervisor of her tardiness was alone a material breach of the LCA, and we therefore do not reach this issue.