NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ANTHONY WAYNE SEDA,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2015-3221

_____

Petition for review of the Merit Systems Protection Board in No. PH-0330-14-0719-I-1.

_____

Decided: February 3, 2016

_____

ANTHONY WAYNE SEDA, Aberdeen, MD, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

_____

Before LOURIE, DYK, and HUGHES, *Circuit Judges.*

PER CURIAM.

Anthony Wayne Seda ("Seda") appeals from the decision of the Merit Systems Protection Board (the "Board") dismissing his appeal for lack of jurisdiction. *See Seda v. Soc. Sec. Admin.*, No. PH-0330-14-0719-I-1 (M.S.P.B. Aug. 25, 2015) ("*Final Order*"). Because the Board did not err in dismissing the appeal, we *affirm*.

## BACKGROUND

Seda was employed by the Social Security Administration ("SSA") on a probationary basis from February 27, 2005, to January 25, 2006. Resp't's App. 9. Seda is a preference-eligible veteran. *Final Order* at 2 ¶2.

In late 2005, Seda was diagnosed with and treated for a number of medical problems, including cancer. Resp't's App. 15–16. He requested medical leave and a transfer to a different office. *Id.* In January 2006, however, SSA terminated his employment. *Id.* at 35. The coding on the Notice of Personnel Action indicated that he had been terminated during his probationary period because of "unacceptable or unsatisfactory performance or other factors unrelated to misconduct or delinquency." *See id.*; U.S. Office of Personnel Mgmt., The Guide to Processing Personnel Actions 31-21 tbl.31-B r.32.

In October 2006, Seda appealed his termination to the Board. Resp't's App. 121. In January 2007, the Administrative Judge ("AJ") issued an initial decision, finding that because Seda had only completed 11 months of continuous employment, he was within his probationary period and had no Board appeal rights, and therefore dismissed the appeal for lack of jurisdiction. *Id.* at 121–125. Seda's petition for review by the full Board was denied in May 2007, and the initial decision became final. *Id.* at 118–120.

Years later, on June 2, 2014, Seda filed an appeal to the Board asserting that his termination violated his

rights under the Veterans Employment Opportunities Act of 1998 ("VEOA"), as well as other statutory and constitutional rights. *Final Order* at 2–3 ¶2; Resp't's App. 110–115. The AJ issued an acknowledgment order, informing Seda of the criteria for establishing the Board's jurisdiction over his appeal according to 5 U.S.C. § 3330a, and ordering him to provide a statement indicating when he first filed a complaint with the U.S. Department of Labor ("DOL"). *Final Order* at 3 ¶3; Resp't's App. 106–109.

The government responded by filing a motion to dismiss, asserting that Seda failed to exhaust his administrative remedies by first filing a complaint with the DOL. Resp't's App. 88–97. The government also argued that even if Seda had timely filed a complaint with the DOL, his removal during his probationary period would have been sustained. *Id.* Seda filed responses to the acknowledgment order, but addressed only the merits of his removal. *Id.* at 98–105; *id.* at 61–82.

On September 29, 2014, the AJ issued an initial decision dismissing the appeal for lack of jurisdiction. Resp't's App. 8–11. The AJ noted that Seda failed to file any submissions responsive to the acknowledgment order, *i.e.*, regarding the jurisdictional issue. Although Seda submitted the February 17, 2006 notice regarding his unemployment insurance benefits, the AJ rejected the letter as neither a complaint filed with the DOL nor a response from the DOL regarding his VEOA claims. The AJ found that it was "abundantly clear" that Seda did not file a complaint with the DOL within the required 60 days of his termination and thus never exhausted his administrative remedies. *Id.* at 11. The AJ also noted that Seda offered no valid reason to toll the deadline for seeking relief from the DOL. *Id.* The AJ concluded that Seda had not established Board jurisdiction over his VEOA appeal and accordingly dismissed the appeal for lack of jurisdiction. *Id.*

Seda filed a petition for review by the full Board on June 1, 2015. The Board sent him a notice stating that his petition was untimely as filed more than 35 days after the September 29, 2014 initial decision. Seda responded that he had not received notice of the decision until he contacted the Board's regional office in May 2015. The government opposed Seda's petition for review as untimely, noting that it was filed more than eight months after the initial decision was issued. Resp't's App. 28–33.

The full Board found that Seda was not a registered e-filer and should have received service by another method, and thus determined that his petition was timely filed. *Final Order* at 5 ¶7. However, the full Board agreed with the AJ that Seda failed to show that he had first filed a complaint with DOL. *Id.* at 5–6 ¶8. Because evidence of administrative exhaustion is required to establish Board jurisdiction over an appeal brought under the VEOA, and Seda failed to provide such mandatory evidence, the Board found that the AJ correctly dismissed the appeal for lack of jurisdiction. *Id.*

Seda timely appealed from the Board's final decision to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review a determination of the Board's jurisdiction *de novo*. *Lazaro v. Dep't of Veterans Affairs*, 666 F.3d 1316, 1318 (Fed. Cir. 2012). "The Board's jurisdiction is limited to actions made appealable to it by law, rule, or regulation." *Id.* (citing 5 U.S.C. § 7701(a)). The petitioner must prove that the Board has jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(a)(2)(i) (2014).

To establish the Board's jurisdiction, the petitioner must "show that he exhausted his remedies with the Department of Labor." *Lazaro*, 666 F.3d at 1319 (citing 5 U.S.C. § 3330a). The VEOA provides that a preference-

eligible veteran may appeal an alleged violation of veterans' preference rights to the Board only after a complaint is filed with the Secretary of Labor and only after the Secretary has had a specified period of time to investigate the complaint. 5 U.S.C. § 3330a(d)(1); *id.* § 3330a(a). The VEOA also requires a written notification to the Secretary of the veteran's intent to bring such an appeal. *Id.* § 3330a(d)(2).

Seda argues that the Board did not consider the rule against violating veterans' preference requirements under 5 U.S.C. § 2302(b)(11). Seda claims that he is a preference-eligible veteran who was suffering from and diagnosed with prostate cancer while employed by the SSA. Seda contends that he never received a notice of removal or a thirty-day notice, nor did he receive any additional separation information as requested. Because the agency had the burden of proving that its removal action was justified, Seda posits, the Board should have reviewed the merits of his case. Seda insists that the Board would have found that the SSA had no evidence of misconduct and thus that it violated his veterans' preference rights by terminating his employment based on his request for reasonable accommodation for his disability. Seda finally asserts that he wrote two letters to the Secretary of Labor and received no response, thereby exhausting his administrative remedies.

The government responds that Seda bore the burden of establishing jurisdiction, but that he failed to show that he exhausted his administrative remedies and therefore the Board could not assert jurisdiction over his appeal. The government contends that both the AJ's acknowledgment order and SSA's motion to dismiss informed Seda of what he needed to do to establish the Board's jurisdiction over his appeal. The government also maintains that the Board correctly considered all the facts to conclude that there was no evidence in the record that Seda ever filed a complaint with the DOL. Moreover, the

government argues, there was no valid reason to toll the 60-day filing deadline that Seda missed for filing his complaint with the DOL.

We agree with the government that the Board did not err in dismissing Seda's appeal for lack of jurisdiction. We acknowledge the apparent lack of an official explanation for Seda's termination; the only evidence from SSA in the record before us pertaining to the merits of his removal appears in the agency's June 2014 motion to dismiss. Seda's frustration with the removal action, however, is insufficient to vest the Board with jurisdiction to hear his appeal. The VEOA requires exhaustion of administrative remedies before a Board appeal, and the record does not reflect any such action.

Seda asserts that he received a document dated February 17, 2006, showing that SSA failed to provide DOL with the reason for his removal. The Notice of Benefit Determination in the record to which Seda refers states that Seda was discharged "for reasons unknown" and that the employing agency had "failed to provide additional separation information as requested." Resp't's App. 87. Accordingly, "insufficient information ha[d] been presented to show that [Seda's] actions constituted misconduct in connection with the work." *Id.* The implication of this assertion is that Seda did exhaust his administrative remedies. However, that notice is a document from the *State of Maryland* Department of Labor, Licensing and Regulation, Division of Unemployment Insurance, regarding state unemployment insurance benefits. *Id.* It has no bearing on whether he exhausted his administrative remedies with the *United States* Department of Labor by timely challenging his removal as required by the VEOA.

Seda has also proffered, on appeal, letters allegedly sent to the Secretary of Labor on December 24, 2005, and on February 17, 2006. The first letter presents inconsistent assertions and, as his termination had not yet

occurred at that date, merely reports that both of his supervisors denied his requests for transfer and medical leave. The second letter claims that it is a follow-up to the first letter, and alleges that his recent removal violated his veterans' preference rights. These letters, supposedly not discovered until shortly before submitting them to the court in September 2015, were not part of the record before the Board. Thus, whatever their meaning, they cannot be considered on appeal. *See, e.g.*, *Oshiver v. Office of Personnel Mgmt.*, 896 F.2d 540, 542 (Fed. Cir. 1990).

Accordingly, Seda did not provide the Board with evidence in support of his bare assertions that he timely filed a complaint with the DOL. Moreover, as the government states, he did not present evidence that good cause existed for delaying the filing of a complaint such that the deadline should have been tolled. Without such evidence, the Board lacked the statutory jurisdiction to adjudicate his appeal based on a claim brought under the VEOA.

## CONCLUSION

We have considered Seda's remaining arguments and find them unpersuasive. We conclude that Seda did not establish the Board's jurisdiction over his appeal, and thus the Board did not err in dismissing his appeal for lack of jurisdiction. Accordingly, the decision of the Board is affirmed.

## **AFFIRMED**

## COSTS

No costs.