NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JANICE E. WHITTAKER,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2017-1656

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-15-0157-I-1.

---

Decided: June 12, 2017

---

JANICE E. WHITTAKER, Edmond, OK, pro se.

LAUREN MOORE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by CHAD A. READLER, ROBERT E. KIRSCHMAN, JR., L. MISHA PREHEIM.

---

Before WALLACH, CHEN, and STOLL, *Circuit Judges.*

PER CURIAM.

Petitioner Janice E. Whittaker appeals a final order of the Merit Systems Protection Board ("MSPB") dismissing her appeal for lack of jurisdiction. *See Whittaker v. Dep't of Veterans Affairs¸* No. DA-0752-15-0157-I-1, 2017 WL 56220, at ¶ 1 (M.S.P.B. Jan. 3, 2017). We affirm.

BACKGROUND

Ms. Whittaker worked as a Clinical Dietetic Technician at the U.S. Department of Veterans Affairs ("VA") hospital in Oklahoma City, Oklahoma. Resp't's App. 30. In 2014, Ms. Whittaker received a notice of proposed removal for providing inaccurate information. *Id.* at 30−32. The Notice stated that Ms. Whittaker represented to the VA that she was employed part-time as an instructor at a university, allowing her to maintain a flexible work schedule at the VA, when she actually had not been employed at the university for over a decade. *Id.* at 30–31.

After a deciding official at the VA sustained the removal, *id.* at 47−50, Ms. Whittaker and the VA entered into a last chance settlement agreement ("LCA") to allow Ms. Whittaker to continue her employment at the VA, *id.* at 51−54. The LCA placed a number of restrictions on Ms. Whittaker's employment given Ms. Whittaker's prior actions. In relevant part, the LCA provided that if Ms. Whittaker "fails to comply with any term of th[e LCA], on even one occasion during the three (3) calendar years from the date of th[e LCA], the original removal will be reinstated." *Id.* at 51. Further, the LCA provided that any offense punishable under the VA's Table of Penalties would be grounds for reinstatement of the removal and that, "[i]n the event that the [VA] reinstates the removal, . . . Ms. Whittaker waives her right to appeal the removal if she is removed due to a breach of th[e LCA]." *Id.* at 52.

Approximately one month after Ms. Whittaker's reinstatement, her supervisor noted several issues with her job performance, including evaluation of a patient without

authorization, errors in record-keeping, and improper assessment of patient information on nutritional risk. *Id.* at 55–60. Ms. Whittaker met with her supervisor and was unable to explain these irregularities. *Id.* The VA then determined that Ms. Whittaker's performance demonstrated "Careless or Negligent Workmanship Resulting in Waste or Delay," i.e., offense category 16 on the VA's Table of Penalties, and notified Ms. Whittaker of her reinstated removal in accordance with the LCA. *Id.* at 61.

Ms. Whittaker appealed her removal to the MSPB. After receiving submissions from the parties and conducting a hearing on the MSPB's jurisdiction, an administrative judge ("AJ") issued an initial decision dismissing Ms. Whittaker's appeal for lack of jurisdiction. *See Whittaker v. Dep't of Veterans Affairs*, No. DA-0752-15-0157-I-1 (M.S.P.B. July 20, 2016) (Resp't's App. 14–29).

The full MSPB subsequently denied Ms. Whittaker's petition for review and affirmed the AJ's Initial Decision. *Whittaker*, 2017 WL 56220, at ¶ 1. Ms. Whittaker appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (2012).

DISCUSSION

I. Standard of Review

We review determinations of the MSPB's jurisdiction de novo as questions of law and underlying factual findings for substantial evidence. *Parrott v. Merit Sys. Prot. Bd.*, 519 F.3d 1328, 1334 (Fed. Cir. 2008). Ms. Whittaker has the burden of establishing jurisdiction before the MSPB by a preponderance of the evidence. *Clark v. U.S. Postal Serv.*, 989 F.2d 1164, 1167 (Fed. Cir. 1993); 5 C.F.R. § 1201.56(b)(2)(i)(A) (2015).

II. The MSPB Properly Held That It Lacked Jurisdiction

"The [MSPB]'s review of an employee's removal pursuant to a last-chance settlement agreement is limited." *Buchanan v. Dep't of Energy*, 247 F.3d 1333, 1337 (Fed. Cir. 2001). "It is settled that an employee can waive the right to appeal in a last-chance agreement." *Gibson v. Dep't of Veterans Affairs*, 160 F.3d 722, 725 (Fed. Cir. 1998). To overcome a waiver, an employee must show that (1) she complied with the agreement; (2) the agency materially breached the agreement; or (3) she did not enter into the agreement knowingly and voluntarily. *See Link v. Dep't of Treasury*, 51 F.3d 1577, 1582 (Fed. Cir. 1995); *see also Buchanan*, 247 F.3d at 1338.

Ms. Whittaker appears to challenge the MSPB's finding that she waived her appeal rights on three grounds. First, she disputes the finding that she committed an offense listed in the VA's Table of Penalties sufficient to reinstate her removal under the LCA. She contends that her "position description allowed for 10% error rate," and her alleged error of neglecting "only two patients" did not exceed the permissible rate. Pet'r's Br. 3. She further states that "there was no Doctor's sign off on any records to show where any patient was neglected." *Id.* Substantial evidence supports the MSPB's conclusion that Ms. Whittaker mishandled patient records and, thus, committed an offense sufficient for her removal under the LCA. "[H]aving entered into the LCA, Ms. [Whittaker] and the [VA] were bound by its terms." *Scott v. Dep't of Agric.*, 484 F. App'x 522, 524 (Fed. Cir. 2012) (citation omitted). "An agency can impose additional conditions upon an employee in connection with a [last chance settlement agreement] and can discipline the employee for failing to comply with those conditions . . . ." *Id.* (citation omitted). Here, there is substantial evidence that Ms. Whittaker admitted to recording inaccurate or unverified information regarding patient consults, *see* Resp't's App. 56, and to writing incorrect information on risk categories for

several patients, *see id.* at 58 ("This was a big error on my part."). Ms. Whittaker does not contest that such evidence is sufficient to support the finding of misconduct under offense category 16, Careless or Negligent Workmanship Resulting in Waste or Delay, within the VA's Table of Penalties. *See generally* Pet'r's Br. As for her contention that no doctor verified that patients were neglected, this cannot suffice to show compliance with the LCA because "[t]he LCA contains no [such] requirement." *Rosell v. Merit Sys. Prot. Bd.*, 191 F. App'x 954, 956 (Fed. Cir. 2006).

Second, Ms. Whittaker alleges that the VA removed her "because [she] filed an [Equal Employment Opportunity Commission ('EEOC')] case" against her VA supervisor. Pet'r's Br. 3. "Because it is an implied term of every agreement that each party will act in good faith . . . , a party may breach an agreement by acting in bad faith," which includes retaliation by a supervisor. *Posey v. Dep't of Def.*, 180 F. App'x 931, 935 (Fed. Cir. 2006) (citation omitted). Ms. Whittaker did not raise this argument before the MSPB, and we generally "do[] not consider an issue not passed upon below." *Singleton v. Wulff*, 428 U.S. 106, 120 (1976). In any case, while we interpret the pleadings of a pro se plaintiff liberally, *see, e.g.*, *Durr v. Nicholson*, 400 F.3d 1375, 1380 (Fed. Cir. 2005), Ms. Whittaker has not presented any evidence beyond bare assertions to suggest her removal was motivated by her EEOC complaint, *see generally* Pet'r's Br. As such, her removal was not appealable on this basis. *See Seda v. Merit. Sys. Prot. Bd.*, 638 F. App'x 1006, 1009 (Fed. Cir. 2016) (affirming the MSPB's dismissal of a case for lack of jurisdiction where petitioner "did not provide the [MSPB] with evidence in support of his bare assertions").

Third, Ms. Whittaker appears to argue that she involuntarily entered into the LCA because she initially refused to sign the LCA and was not represented by counsel

during its negotiation. Pet'r's Br. 3. Whether she initially refused to sign the LCA, the record indicates that Ms. Whittaker later signed the document and, in so doing, signified her "voluntary, knowing[,] and unconditional acceptance" of its terms "without reservation." Resp't's App. 54 (capitalization omitted). She has presented no further evidence to show her signature was involuntary or coerced. *See generally* Pet'r's Br. As for her alleged lack of counsel, Ms. Whittaker did not raise this argument before the MSPB, and we would normally find it waived. *See Singleton*, 428 U.S. at 120. Even if we were to examine Ms. Whittaker's contention, though, she has not made non-frivolous allegations of fact sufficient to establish that her lack of counsel prevented her from freely entering into the LCA. *See Worrell v. Dep't of Navy*, 168 F. App'x 425, 428 (Fed. Cir. 2006). The AJ found that Ms. Whittaker "testified that she was represented by counsel," Resp't's App. 17, and the LCA states that she "affirms that she has read th[e] entire [LCA], that she has consulted with an attorney, or has freely decided not to consult with an attorney," *id.* at 52. Therefore, Ms. Whittaker has not shown that she did not knowingly and voluntarily enter into the LCA. In sum, as the MSPB found, Ms. Whittaker waived her appeal rights in the LCA.

## CONCLUSION

We have considered Ms. Whittaker's remaining arguments and find them unpersuasive. Accordingly, the Final Order of the Merit Systems Protection Board is

## **AFFIRMED**

### COSTS

No costs.