# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTHONY SEDA,
          Appellant,

      v.

SOCIAL SECURITY
   ADMINISTRATION,
          Agency.

DOCKET NUMBER
PH-0752-17-0451-I-1

DATE: June 15, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony Seda</u>, Aberdeen, Maryland, pro se.

<u>Jennifer Karangelen</u>, Esquire, Baltimore, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his trial-period termination for lack of jurisdiction. *Seda v. Social Security Administration*, MSPB Docket No. PH-0752-17-0451-I-1, Initial Appeal File (IAF), Tab 13, Initial Decision (0451 ID) at 6. Specifically,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the administrative judge found that the appellant failed to establish jurisdiction over his Uniformed Services Employment and Reemployment Rights Act of 1994 (codified as amended at 38 U.S.C. §§ 4301-4335) (USERRA) claim because he failed to allege that his termination was due to his prior military service. *Id.* The administrative judge also found that any claims the appellant sought to raise that his termination was improper or the result of whistleblower reprisal were precluded by the doctrine of collateral estoppel. *Id.* at 6-9. The administrative judge observed that he addressed those claims in the appellant's prior appeals, in which he found a lack of Board jurisdiction under either chapter 75 or the Whistleblower Protection Act. *Id.* In his petition for review, the appellant contends for the first time that he did not raise a claim under USERRA. *Seda v. Social Security Administration*, MSPB Docket No. PH-0752-17-0451-I-1, Petition for Review (PFR) File, Tab 4 at 9. He reiterates the whistleblower reprisal claims he made in his appeal below and reargues the merits of his January 2006 trial-period termination, contending that the agency denied him due process, violated the Family and Medical Leave Act of 1993 (FMLA), and discriminated and retaliated against him for equal employment opportunity activity without affording him an opportunity to be heard. *Id.* at 9-25. He also attaches documents to his petition for review and argues that the agency improperly terminated him under chapter 43 for poor performance. *Id.* at 21-23, 27-183.

¶2      Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of

Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).   After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶3      As noted above, the appellant states for the first time in his petition for review that this is not a USERRA appeal.  PFR File, Tab 4 at 9.  Therefore, we have not further considered his USERRA claim.  For the following reasons, we affirm the administrative judge's findings that the appellant is barred by the doctrine of collateral estoppel from relitigating his probationary termination and his whistleblower reprisal claims.  0451 ID at 6-9.

¶4      The Board applies collateral estoppel to determine whether a previous adjudication of a jurisdictional issue precludes its relitigation.  *McNeil v. Department of Defense*, 100 M.S.P.R. 146, ¶ 16 (2005).  Collateral estoppel, or issue preclusion, is appropriate when:  (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom the issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action.  *Id.*, ¶ 15.  Collateral estoppel may be grounds for dismissing an appeal for lack of jurisdiction if a jurisdictional determination in a prior decision is afforded collateral estoppel effect, and the appellant provides no other valid basis of Board jurisdiction. *Hau v. Department of Homeland Security*, 123 M.S.P.R. 620, ¶ 13 (2016), *aff'd sub nom. Bryant v. Merit Systems Protection Board*, 878 F.3d 1320 (Fed. Cir. 2017).

¶5      Previously, the appellant filed an October 19, 2006 appeal of his probationary termination, which the administrative judge dismissed for lack of jurisdiction because the appellant lacked the requisite 1 year of current continuous service necessary to be an "employee" with adverse action appeal

rights to the Board under 5 U.S.C. § 7511(a)(1). *Seda v. Social Security Administration*, MSPB Docket No. PH-0752-07-0053-I-1, Initial Decision (0053 ID) (Jan. 31, 2007). That decision became the Board's final decision on whether the appellant met the definition of "employee" under 5 U.S.C. § 7511(a)(1) when the Board denied the appellant's subsequent petition for review. 5 C.F.R. § 1201.113; *see Seda v. Social Security Administration*, MSPB Docket No. PH-0752-07-0053-I-1, Final Order (May 8, 2007).

¶6        Applying the elements of collateral estoppel set forth above, the administrative judge correctly determined that the issue of whether the appellant was an "employee" under 5 U.S.C. § 7511 is identical to his claims in this appeal, was actually litigated in the previous action, was necessary to the finding in that appeal, and the appellant had a full and fair opportunity to litigate the issue. 0451 ID at 8-9; *compare* 0053 ID, *with* IAF, Tabs 1, 3-4, 12, *and* PFR File, Tab 1 at 10-25. Moreover, because the same definition of "employee" applies to the appellant under chapters 75 and 43, he also is precluded from appealing his termination as a performance-based action under chapter 43. PFR File, Tab 4 at 20-22; IAF, Tab 11 at 17, Tab 10 at 97-99; *see* 5 U.S.C. §§ 4303(e), (f)(3), 7511(a)(1)(B) (defining those preference-eligible, excepted-service appointees over whom the Board has jurisdiction under chapters 43 and 75).

¶7        Similarly, the administrative judge correctly determined that the appellant's claim of retaliation for protected activity also was barred by the doctrine of collateral estoppel. 0451 ID at 6-8. The administrative judge found that the appellant's whistleblower reprisal claims in this matter are identical to those he raised in his prior individual right of action appeal, 0451 ID at 7, which became the Board's final decision on October 19, 2017, when neither party filed a petition for review of the initial decision, 5 C.F.R. § 1201.113(a); *Seda v. Social Security Administration*, PH-1221-17-0149-W-1, Initial Decision (0149 ID) (Sept. 14, 2017). The jurisdictional issue was actually litigated, necessary to the finding in that appeal, and the appellant had a full and fair opportunity to litigate the issue.

0451 ID at 8; 0149 ID at 4-7.  Accordingly, we agree with the administrative judge that the appellant's whistleblower reprisal claims are barred by the doctrine of collateral estoppel.

¶8  With his petition for review, the appellant includes numerous documents, most of which are in the record below or pre-date the October 26, 2017 initial decision.  PFR File, Tab 4 at 27-44, 49, 53-62, 68-183.  Those documents that are dated after the initial decision rely on information that pre-dates it.  *Id.* at 45-48, 50-52, 60-67.  Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence.  *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *see* 5 C.F.R. § 1201.114(b) (explaining that a petition for review should not include documents that were part of the record below).  Even documents that post-date the closing of the record below require such a showing of due diligence if, as here, the information that the documents contain was available before the record closed.  5 C.F.R. § 1201.115(d).  Therefore, we decline to consider these documents further.

¶9  To the extent that the appellant raises issues concerning the agency's response to his request for accommodation and for leave protected by the FMLA, PFR File, Tab 4 at 12-13, absent an otherwise appealable action, the Board is without authority to consider the appellant's claims.  *E.g.*, *Lua v. U.S. Postal Service*, 87 M.S.P.R. 647, ¶ 12 (2001) (explaining that the Board will not take further action on an FMLA claim absent jurisdiction over the underlying disciplinary action); *Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980) (providing that prohibited personnel practices under 5 U.S.C. § 2302(b) are not an independent source of Board jurisdiction), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982).  The appellant's concerns regarding the agency's processing of his termination, the Board's processing of his prior appeals, and the Federal courts' processing of his complaints do not state a basis for review.  PFR File, Tab 4 at 2,

9, 24; *see, e.g.*, *Ivery v. Department of Transportation*, 102 M.S.P.R. 356, ¶ 13 (2006) (explaining that an attack on the Board's authority generally should be presented in a direct appeal rather than in a collateral attack in a later proceeding); *Curry v. U.S. Postal Service*, 52 M.S.P.R. 336, 339 (1992) (finding an administrative judge appropriately gave an appellant's prior criminal conviction collateral estoppel effect).  Lastly, we find that—contrary to the appellant's assertion on review, PFR File, Tab 4 at 8—the decision of the U.S. Court of Appeals for the Federal Circuit in the appellant's Veterans Employment Opportunities Act of 1998 appeal, *Seda v. Merit Systems Protection Board*, 638 F. App'x 1006 (Fed. Cir. 2016); *Seda v. Social Security Administration*, MSPB Docket No. PH-0330-14-0719-I-1, Final Order (Aug. 25, 2015), does not provide Board jurisdiction over this matter.

¶10    Accordingly, we affirm the initial decision dismissing the instant appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:               /s/ for
_____
                             Jennifer Everling
                             Acting Clerk of the Board
Washington, D.C.